## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmb.uscourts.gov

IN RE: ZDRAVKO TALANGA
       DARINA TALANGA,
          Debtors.

Case No. 8-17-BK-09357-MGW
Chapter 7

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 N. Florida Avenue, Tampa Florida 33602, and serve a copy on the movant's attorney: Jay D. Passer, Esq., 4100 W. Kennedy Blvd., Suite 322, Tampa, FL 33609.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Movant, NICHOLAS HOBAN, by and through his undersigned attorney, moves the court for an order granting relief from the automatic stay and in support hereof would respectfully show unto the court as follows:

1.    This is a motion pursuant to Bankruptcy Rule 4001(a) for a modification of the automatic stay provisions of Section 362 of the Bankruptcy Code.

2.    On or about December 10, 2015, there was executed a Promissory Note and Agreement for Deed ("the Agreement") between the movant and Zdravko and Darina Talanga (Debtors) relative to certain premises located at 1925 Dolphin Drive, #502, Bellcair Bluffs, Florida 33770. A copy of said Note and Agreement for Deed is attached hereto as Exhibit "A".

3. On November 2, 2017, Debtors filed a Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 8-17-BK-09357-MGW.

4. The agreement and covenants in the aforesaid loan documents have been breached in that annual taxes due and payable for the years 2014 through 2017, in the amount of $35,903.26, have not been paid, as well as the balloon payment due December 10, 2017, in the amount of $266,597.04.

5. By reason of the default as set forth in paragraph 4 above, the movant exercises his option to declare the Agreement in default. Said Agreement has not yet been assumed or rejected in accordance with 11 U.S.C. Section 365.

6. The Debtors presently owe the movant the sum as stated in the Affidavit of Indebtedness which is attached hereto as Exhibit "B".

7. The automatic stay provisions of section 362 of the Bankruptcy Code should be lifted or modified in order to permit the movant to enforce his rights under the Agreement including the movant's right to commence or complete foreclosure proceedings.

8. Relief from the automatic stay should be granted for cause as contemplated by Section 362(d) of the Bankruptcy Code predicated on the foregoing.

9. All conditions precedent to the institution of this action have occurred.

10. The movant has retained the undersigned attorney to represent him in this action, and he is obligated to pay said attorney a reasonable fee for his services.

**WHEREFORE**, the movant moves for the following:

A. An order granting relief from stay and permitting the movant to initiate and complete foreclosure proceedings.

B. Attorney fees in the amount of $400.00, plus cost of filing fee of $181.00, for a total amount of $581.00

C. A waiver of the operation of Bankruptcy Rule 4001(a)(3).

D.    Such other and further relief as to the Court may deem just and proper.

*Jay D Passer*

JAY D. PASSER, ESQ.
4100 W. Kennedy Blvd., #322
Tampa, Florida 33609
FBN 438634
Telephone (813) 281-1103
E-mail: tbcc2@verizon.net
Co-counsel for NICHOLAS HOBAN
("Movant")

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or via electronic notification this 21st day of December, 2017 to Carolyn R. Chaney, Trustee, P.O. Box 530248, St. Petersburg, FL 33747; Zdravko and Darina Talanga, 1925 Dolphin Dr., #502, Belleair Bluffs, FL33770; Stephen G. Watts, Esq., 300 Turner St., Clearwater, FL 33756, and Herb R. Donica, Esq., 307 South Blvd., Suite D, Tampa, FL 33606.

*Jay D Passer*

JAY D. PASSER, ESQ.

# PROMISSORY NOTE

$280,000.00

December 10, 2015
Belleair Bluffs, Pinellas County, Florida

**FOR VALUE RECEIVED,** the undersigned promise to pay to the order of **NICHOLAS HOBAN, a married man** at    or at such other address as may be indicated in writing, in the manner hereinafter specified, the principal sum of **Two Hundred Eighty Thousand and 00/100 Dollars ($280,000.00)** with interest from the date hereof, at the rate of  Six  percent (  6  %) per annum on the balance from time to time remaining unpaid.  The said principal and interest shall be payable in lawful money of the United States of America, on the date and in the following manner:

> The sum of  $2,006.01  representing a payment of principal and interest shall be due and payable on **January 10, 2016,** and on the 10th day of each month thereafter until **December 10, 2017** ,  at which time the remaining principal balance, together with any accrued but unpaid interest, shall be due.

> All payments shall be first applied to late charges, if any, then to the payment of accrued interest, and the balance remaining, if any, shall be applied to the payment of the principal sum.

> This note may be prepaid, in whole or in part, without penalty, at any time prior to maturity.

This note with interest is secured by an Agreement for Deed, of even date herewith, the terms of which are incorporated herein by reference, made by the makers hereof in favor of the said payee, is given as part of the purchase price of the real property described in the Agreement for Deed, and shall be construed and enforced according to the laws of the State of Florida.

If default be made in the payment of any installment under this note, and if such default is not made good within 15 days, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note.  Failure to exercise this option shall not constitute a waiver of the right to exercise the same at a later time for the same default or for any subsequent default.  Any payment not received within 10 days of the due date shall include a late charge of 5% of the payment due.  In the event of default in the payment of this note, and if the same is placed in the hands of any attorney for collection, the undersigned hereby agree to pay all costs of collection, including a reasonable attorneys' fee.

Makers waive demand, presentment for payment, protest, and notice of nonpayment and dishonor.

_____(Seal)
ZDRAVKO TALANGA -Borrower

_____(Seal)
DARINA TALANGA -Borrower

The state documentary tax due on this Note has been paid on the Agreement for Deed securing this indebtedness.

EXHIBIT A

DoubleTime®

Prepared by and Return to:
Stephen G. Watts, PA
1221 Turner Street,
Suite 102
Clearwater, FL 33756

KEN BURKE, CLERK OF COURT
AND COMPTROLLER PINELLAS COUNTY, FL
INST# 2016014473 01/19/2016 at 09:51 AM
OFF REC BK: 19054 PG: 453-462
DocType:AGM RECORDING: $86.50

## THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT DUE AT MATURITY IS $265,267.73 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

## AGREEMENT FOR DEED

THIS AGREEMENT FOR DEED made this ⎿⎿10 th⎿⎿ day of December, 2015, by and between NICHOLAS HOBAN (hereinafter called the "Seller"), and ZDRAVKO TALANGA and DARINA TALANGA, husband and wife (hereinafter called the "Buyer", which term shall include singular or plural, and either sex, and shall include the heirs, legal representatives, successors and assigns of the Buyer).

Grantor warrants that at the time of this conveyance, the subject property is not the Grantor's homestead within the meaning set forth in the constitution of the state of Florida, nor is it contiguous to or a part of homestead property. Grantor's residence and homestead address is: 2940 West Bay Drive, Apartment 502, Belleair Bluffs, FL 33770.

WITNESSETH, that if the Buyer shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the Seller hereby covenants and agrees to convey and assure to the Buyer, in fee simple, clear of all encumbrances whatsoever, by a good and sufficient deed, the lot, piece or parcel of ground situated in the County of PINELLAS COUNTY, State of Florida, known and described as follows, and hereinafter referred to as the "Property", attached hereto as Exhibit "A" to-wit:

1.    The purchase price for the property described above will be THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) payable as follows:

|   |   |   |
|---|---|---|
| A. | Payment at the execution hereof, receipt of which is hereby acknowledged by Seller. | $70,000.00 |
| B. | Promissory Note from Buyer to Seller, a copy of which is attached hereto as Exhibit "B" | $280,000.00 |
|   | TOTAL PURCHASE PRICE | $350,000.00 |

2.    Seller agrees to convey title by Warranty Deed to Buyer, free and clear of all liens and encumbrances except reservations, restrictions, taxes and assessments. Seller agrees to convey title by Warranty Deed to Buyer when Buyer pays balance due to seller's mortgage. Title insurance shall be delivered by the Seller to the Buyer at the time of execution of this Agreement for Deed, at Seller's expense, showing that the Seller is fee simple title holder of the property described in Exhibit "A", and that the same is free and clear of all liens and encumbrances, except reservations, restrictions, taxes, assessments and easements of record, except mortgage on Exhibit "C" Subsequent to the performance of Buyer, there shall be an update to the

title insurance policy at Seller's expense, delivered commensurate with the execution of the Warranty Deed, which title insurance commitment and policy shall show that the Seller is the fee simple title holder of the real property conveyed pursuant hereto, and that the same is free and clear of all liens and encumbrances except reservations, restrictions, taxes, assessments and easements of record and this Agreement for Deed. To the extent that there are any encumbrances, liens or other impositions on the title which have been caused by the Seller, the Seller covenants and agrees to hold harmless, and indemnify and remove said encumbrances, liens or impositions of title. Should such encumbrances, liens or impositions of title have been created by the Buyer, then the Buyer shall be fully responsible and obligated for such liens, impositions of title and encumbrances, and shall hold the Seller harmless therefore, and shall accept title "AS IS".

      3.      This property is being sold subject to the zoning ordinances, restrictions, limitations and public utility easements of record, if any, which do not prohibit its use for residential purposes.

      4.      At the execution of this Agreement for Deed and subsequent recording, the Seller shall pay for the intangible tax and the Buyer shall pay for the documentary stamps on the Agreement for Deed, together with the recording of the said Agreement for Deed. Subsequently, after all of the terms and conditions of this Agreement have been performed and a Warranty Deed is issued from the Seller to the Buyer, the Seller shall pay for documentary stamps on the said deed, and the Buyer shall pay for the cost of recording said deed.

      5.      That the Buyer will pay all and singular the yearly taxes, assessments, levies and encumbrances of every nature on the above-described property before their delinquency, in twelve (12) equal monthly installments payable to Seller simultaneously with the payment of monthly sums due under the Promissory Notes. If they are not paid promptly when due, the Seller (without obligation to do so) may pay them without waiving or affecting any right contained in the agreement or the Notes and charge the sums so paid to the Buyer; and such sums of money shall bear interest from the date of payment at the rate of ten percent (10%) per annum. The Seller may elect to waive the monthly payments of taxes in exchange for annual proof of payment.

      6.      The Buyer will keep the buildings that now are or hereafter may be erected on the land above-described insured against all risk by fire and extended coverage in a sum not less than $350,000.00 at the expense of the Buyer, in a good and responsible insurance company or companies, licensed to do business in the State of Florida and acceptable to the Seller. The insurance shall be for the benefit of the Buyer and Seller (but the Seller shall not be liable for the insolvency or irresponsibility of any such companies) and the policy or policies and all renewals of them shall be deposited with and held by the Seller. The policy or policies and all renewals, at the option of the Seller, shall contain a "Loss Payable" or "Standard Mortgagee" clause making the proceeds of the policies payable to the Seller as his interest may appear. The Buyer shall pay the cost of said insurance policies. Upon any default by the Buyer, the Seller (but without obligation on his part to do so) may place insurance on any building on the premises, pay the premiums and charge the sums so paid to the Buyer. The sums of money so paid shall bear interest from the date of payment at the rate of ten percent (10 %) per annum. In the event of a loss by fire or other casualty, the Buyer will give immediate notice by mail to the Seller.

      7.      That all sums of money secured, paid or caused to be paid by the Seller under the terms of this Agreement herein specifically provided for, including any expenses incurred by the Seller in collection of the sums secured by this Agreement, shall be covered by the lien of this Agreement the same as the sums of money represented by the note secured by this Agreement. If the Seller receives any sums as escrow deposits for taxes, insurance or other items, such sums shall be commingled and advanced by him for the stated purposes.

      8.      Buyer agrees to permit, commit, or suffer no waste, impairment or deterioration of the

property, or any part of it. Upon failure of the Buyer to keep the buildings on the property in good condition or repair, the Seller may make demand either for the immediate repair of the buildings, and increase in the amount of security or the immediate repayment of the debt secured. That failure of the Buyer to comply with the demand of the Seller for a period of fifteen (15) days shall constitute a breach of the Agreement and, at the option of the Seller, immediately mature the entire unpaid principal and interest secured. The Seller, without notice, then may institute proceedings to foreclose this Agreement and apply for the appointment of a Receiver, as hereinafter provided.

9.      The Buyer promises, covenants and agrees to pay promptly when due the sums of money and interest as mentioned in the Promissory Notes together with any and all other sums justly due and owing the Seller by the terms of this Agreement, and secured to be paid as aforesaid. If default shall be made in the payment of the sums of money of any part of such sums as provided in the notes or this Agreement and the default shall continue for a period of fifteen (15) days, or should the Buyer breach or fail to comply with any other covenant or agreement on the part of the Buyer to be complied with (in those cases in which the option of the Seller of acceleration is not otherwise provided expressly in this Agreement) and such breach or noncompliance continues in existence for a space of fifteen (15) days from notice, then and from thenceforth, at the option of the Seller and without further notice to the Buyer, the whole of the principal sum expressed in the notes together with all other sums provided for in it shall become due and payable immediately, without notice to the Buyer.

10.      That in case it should become necessary to place this Agreement and the notes secured by it, or either of them, in the hands of an attorney for collection, the Buyer covenants and agrees with the Seller to pay all costs, charges and expenses of such collections, including reasonable attorney's fees through all such collections, including reasonable attorney's fees through all appeals, if any, whether collected by foreclosure or otherwise.

11.      That in the event that at the beginning of or at any time pending any suit upon this Agreement to foreclose or reform it or to enforce payment of any claims under it, the Seller shall apply to the Court having jurisdiction for the appointment of a Receiver of the property all and singular, including all and singular the income, profits, and rents, every one of which, it being expressly understood, is secured by this instrument as if being expressly understood, is secured by this instrument as if specifically set forth and described in its granting and habendum clauses, and the Receiver shall have all the broad and effective functions and powers in any wise entrusted by a Court to a Receiver. The appointment shall be made by the Court as an admitted equity and matter of absolute right to the Seller, without reference to the adequacy or inadequacy of the value of the property or to the solvency or insolvency of the Buyer or the defendant. All rents, profits, incomes, issues and revenues shall be applied by the Receiver according to the lien or equity of the Seller and the practice of the Court, and the appointment of a Receiver shall be without notice to any obligor under this Agreement.

12.      The Buyer waives all rights of homestead and exemption granted by the Constitution and laws of Florida on the property encumbered by this Agreement. It is agreed specifically that time is of the essence of this Agreement and that no waiver by the Seller of any performance required by this Agreement shall be held at any time thereafter to be a waiver of its terms or of the obligation secured by it.

13.      Conveyance shall not be made by the Buyer of the premises above-described or any part of them or of any interest therein without the express, prior, written consent of the Seller. If conveyance is approved, assumption in regular form of law by the grantee of the obligation to the Seller created under this Agreement shall be required. If conveyance occurs without written consent, then, without notice to the Buyer, all sums of money secured shall become due and payable and in default immediately and concurrently with the conveyance, whether or not they are so due and payable and in default by the specific terms of this Agreement.

Seller covenants and agrees that its consent shall not be unreasonable withheld and shall consider a new purchaser (borrower) based upon his economic and financial ability and such other pertinent and relevant considerations commonly and customarily used by lending institutions, when considering the assumption of a mortgage.

14.     That in the event the ownership of this Agreement or any part of it becomes vested in a person other than the Buyer, the Seller, without notice to the Buyer, may deal with the successor or successors in interest with reference to this Agreement and the debt secured in the same manner as with the Buyer and may forebear to sue or may extend time for payment of the debt secured, without discharging or in any way affecting the liability of the Buyer under this Agreement or upon debt secured.

15.     If foreclosure proceedings of any mortgage or trust deed or any junior lien or any kind should be instituted, the Seller, at his option, immediately or thereafter may declare this Agreement and the indebtedness secured herein due and payable.

16.     That in the event the premises secured, or any part of them, shall be condemned and taken for public use under the power of eminent domain, the Seller shall have the right to demand that all damages awarded for the taking of or damages to the premises shall be paid to the Seller, up to the amount then unpaid on this Agreement and the obligation secured, and may be applied upon the payments last payable under this Agreement and the obligation secured. Except that to the extent awards are made for damages to a structure, such award shall be used to repair or restore said structure.

17.     That if any action or proceeding be commenced (except an action to foreclose this Agreement or to collect the debt secured thereby) to which action or proceeding the holder of this Agreement is made a party, or in which it becomes necessary to defend or uphold the lien of the Agreement, all sums paid by the holder of this Agreement for the expense of any litigation to prosecute or defend the rights and lien created by this Agreement (including reasonable attorney's fees through all appeals, if any), shall be paid by the Buyer, together with interest thereon at the rate of ten percent (10%) per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of the Agreement, and shall be deemed to be secured by this Agreement, and by the bond which it secures.

18.     This Agreement is subject and subordinate to that certain Mortgage described on Exhibit "C".

19.     Buyer agrees to comply with all of the terms and conditions of the first Mortgages, now or hereafter placed upon the premises, other than with respect to the payment of principal and interest due under said first Mortgage.

A.     In the event Buyer shall fail to so comply with all of the terms, provisions and conditions of the first mortgage so as to result in a default thereunder (other than with respect to payments of principal and interest due thereunder after the date hereof) such failure on the part of Buyer shall constitute a default under this Agreement and shall entitle Seller, at his option, to exercise any all rights and remedies given Seller in the event of a default hereunder.

B.     Any and all expenses, including but not limited to title company charges, recording and filing fees, legal fees of the attorneys for the holder of the first Mortgage in preparation of an assignment of either Agreement and any tax, if any, that may be hereafter imposed by any taxing authority in connection with the compliance by Seller with the provisions hereof dealing with the payments made or to be made to the holders of the first Mortgage shall be paid by the Buyer or any owner of the premises when

requested by the title company and or the attorneys representing the holder of the first Mortgage.

20.    A.    Seller agrees to pay to the holder of the first Mortgage, the unpaid principal balance of said first Mortgage, together with all interest thereon accruing thereunder as and when required by the terms of the first Mortgage.

B.    All such payments provided to be paid by Seller, pursuant to the provisions of subparagraph A hereof shall be made by Seller before the expiration of the applicable grace periods provided for such payments as contained in the first Mortgage.

C.    Notwithstanding the foregoing, Seller's obligation to make the respective payments of principal and interest as and when due under the first Mortgage is conditioned upon the following:

(i)    Buyer shall not be in default under this Agreement;

(ii)    Buyer shall comply with all of the terms and provisions of the first Mortgage other than with respect to the payments of principal and interest due thereunder after the date hereof.

D.    Seller does not assume any of the obligations of Buyer under the first Mortgage except as hereinbefore provided with respect to payments of principal and interest due thereunder after the date hereof.

21.    Buyer covenants and agrees not to exercise any right or privilege of prepayment of the first Mortgage and further covenants and agrees not to enter into any agreements with the holder of the first Mortgage modifying or amending any of the provisions dealing with the payment of principal or interest thereunder without the prior written consent of Seller. This paragraph, however, shall not preclude Buyer's prepayment of the entire first Mortgage on the sale of the premises or any complete refinancing.

22.    Buyer agrees to pay to Seller any sums required to be paid to the holder of the first Mortgage (other than payments of principal and interest and escrow for taxes and insurance under said Agreement) at least fifteen (15) days prior to the last day under each of said Agreements that such payment may be made without constituting a default thereunder and Seller agrees to promptly remit such sums so paid to Seller by Buyer to the holder of the first Mortgage in payment of such sums due under such Agreement.

23.    In the event the unpaid principal balance of the first Mortgage is reduced by the holder of said Agreement applying insurance proceeds in reduction thereof or by prepayments made by Buyer with the prior written consent of Seller so that Seller's obligation thereunder to pay to the holders of the first Mortgage, the unpaid principal balance of said Agreement as hereinbefore provided is similarly reduced, then and in such event, Seller agrees that Buyer's obligation to pay the total indebtedness to Seller hereunder shall be likewise reduced by an equivalent amount; such equivalent amount to be deducted from the final payment to be made by Buyer to Seller hereunder.

24.    That the Buyer shall furnish to the Seller promptly, copies of all notices of default which the holder of the first Mortgage shall give to Buyer, or which the Buyer shall give to or receive from tenants of the premises or any part or parts thereof based upon the occurrence or alleged occurrence of any default or defaults in the performance of leases of space tenants occupying any portion of the premises..

25.    With the express written consent of the Seller, and only with said consent, the Buyer shall have the right to prepay the whole or any part of the unpaid balance of the indebtedness hereunder on any installment due date with thirty (30) days prior written notice without penalty. Any partial prepayments shall

be applied against the unpaid principal installments of the Note secured hereby in inverse order of maturity. Provided, however that no prepayment shall be permitted unless all conditions precedent to prepayment of the first Mortgage, if any, shall have been met. Any prepayment penalty contained in the first Mortgage shall be borne by the Buyer. In the event of a resale of the property, the Buyer shall have the right to prepay all of the indebtedness hereunder.

      26.    It is expressly understood between the parties hereto that notwithstanding anything herein to the contrary, any assumption fees, closing fees, or financing fees which become due to the holder of the first Mortgage as a result of anything contained in this Agreement shall be borne by the Buyer. Buyer further agrees to indemnify Seller for the expenses of defending or prosecuting any action by the first Mortgage holder for said assumption fees, closing fees, financing fees, including all attorneys' fees through appeals, if any.

      27.    If either of the parties to this Agreement for Deed shall be required to enforce their rights hereunder, then any costs incurred, including attorney's fees, incurred by the parties in the enforcing of said rights shall be entitled to be received by the prevailing party.

      IN WITNESS WHEREOF, the parties have hereunder set their hands and seals on the date and year first above written.

WITNESSES:

Print name _C.Y. Cox_

Print name _S.G Watts_

_____(SEAL.)
NICHOLAS HOBAN, Seller

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT DUE AT MATURITY IS $265,267.73 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE

Print name _C.Y. Cox_

Print name _S.G Watts_

_____(SEAL)
ZDRAVKO TALANGA, Buyer

_____(SEAL)
DARINA TALANGA, Buyer

STATE OF FLORIDA
COUNTY OF PINELLAS

      The foregoing instrument was acknowledged before me this ___10th___ day of December, 2015, by NICHOLAS HOBAN.

_____
Notary Public

CYNTHIA Y. COX
Notary Public · State of Florida
Commission # FF 899897
My Comm Expires Jul 14, 2019
Bonded through National Notary Assn.

My Commission Expires:

STATE OF FLORIDA
COUNTY OF PINELLAS

   The foregoing instrument was acknowledged before me this ___10th___ day of December, 2015 by ZDRAVKO TALANGA and DARINA TALANGA.

           _Cynthia Y. Cox_
           Notary Public

My Commission Expires:

CYNTHIA Y. COX
Notary Public - State of Florida
Commission # FF-899897
My Comm. Expires Jul 14, 2019
Bonded through National Notary Assn.

EXHIBIT "A"

Lot 16, Block A, TOGETHER WITH the Northerly 10 feet of Lot 15, Block A, BELLEAIR HEIGHTS, according to the map or plat thereof, as recorded in Plat Book 38, Page 51, Public Records of PINELLAS COUNTY, Florida

Parcel No.: 33-29-15-06930-001-0160

## EXHIBIT "C"

This Agreement is subject and subordinate to that certain Mortgage dated the 19th day of December, 2002, which Mortgage was recorded in the office of the Clerk of Pinellas County, Florida, in Official Records Book 12438, Page 2476 and which Mortgage constitutes a first mortgage lien upon the premises described in Exhibit "A" hereof.

And is further subject to the certain Mortgage to AmSouth Bank n/k/a/ Regions Bank, recorded May 17, 2005 in Official Records Book 14317, Page 2355 as modified by OR Book 15484, Page 1357.

## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:  ZDRAVKO TALANGA
       DARINA TALANGA,
          Debtors.

Case No. 8-17-BK-09357-MGW
Chapter 7

_____/

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

**STATE OF FLORIDA**
**COUNTY OF** _Pinellas_

I, Nicholas Hoban, being duly sworn, deposes and states:

1.     That I am the movant hereunder.  I have actual knowledge of payments made and am familiar with the status of the subject account with the debtors, Zdravko and Darina Talanga.

2.     That I have read the allegations and statements contained in the attached Motion for Relief from Stay and the same are true and correct to the best of my knowledge and belief.

**WHEREFORE**, your deponent requests an Order be entered granting relief from the stay herein.

By:     _____
                   Nicholas Hoban

The foregoing document was acknowledged before me this _18_ day of December, 2017, by _Nicholas Hoban_, who is (personally known) to me or who has produced _____ as identification and who did take an oath.

_____
NOTARY PUBLIC, State of _____
My commission expires:

STEPHEN G. WATTS
Commission # FF 997991
Expires June 1, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

EXHIBIT B