respecting abatement of rent shall be of no force and effect.   In the event any damage to the leased premises is attributable in whole or in part to the negligence of the Lessee or to any other cause for which Lessee may be liable to Lessor under the terms of this lease or by operation of law, Lessee shall be liable to Lessor, but only to the extent that the proceeds of any insurance against such damage shall not fully compensate Lessor for such loss or damage.   The foregoing sentence shall not be effective in the event and to the extent that it contravenes any insurance policies issued to the Lessor covering all or any part of the leased premises and in force at the time of such damage.   Nothing in this subsection shall be deemed to require Lessor to carry any adequate insurance against any hazard or to give Lessee any interest in any insurance carried by Lessor or any right to participate in the adjustment of any loss thereunder.

Any delays in the repair or reconstruction of the premises arising from the adjustment of insurance against loss or from labor difficulties, shortage of material, governmental restrictions or any other cause beyond the direct control of Lessor shall not entitle Lessee to any compensation nor amount to an actual or constructive eviction.   This shall apply not only in the event of the contingencies provided for by this Section, but also in the event of any other repairs and improvements made by Lessor to the premises or to the property of Lessee or Lessor in the building.   The Lessee agrees that in the event the premises are closed due to damage, Lessor shall in no event be responsible for damages in the nature of lost profits or otherwise.

SECTION 14:    **ACCESS TO PREMISES BY LESSOR – INSPECTION.** Lessor, or its agent, may enter and inspect the premises, or any part thereof, at any reasonable time for the purpose of ascertaining and enforcing the condition thereof Lessee's compliance with applicable laws, ordinances, regulations, and governmental orders and directives and with the terms and conditions of this lease and with such other rules and regulations as may from time to time exist, and for the purpose of making repairs to any part of the Building.   This right to enter and repair shall not imply an obligation to make repairs for which Lessor is not responsible under the other provisions of this lease, but shall serve to allow Lessor to make same if Lessee fails to do so.   Lessor further, reserves the following rights:

(a)    To have pass keys to the premises;

(b)    To show the premises to prospective lessee

or brokers during the last 90 days of the term of this lease, and to prospective purchasers or mortgagees of the building at all reasonable times provided Lessee's use of the premises is not materially disrupted by such action of Lessor;

(c)    To enter for the purpose of removing placards, signs fixtures, alterations, or additions which do not conform to this agreement, or to the rules and regulations of the building.

SECTION 15:    **SURRENDER OF PREMISES.**    Lessee agrees that on the last day of the term of this lease, or in the event this lease is otherwise terminated, on such termination date it will peaceably and quietly leave and surrender the entire premises in as good condition as on the first day of the term of this lease for any period of time during which Lessee "holds over" after this lease has terminated, Lessee agrees to pay double rent until Lessor actually has possession of the premises.

SECTION 16:    **TRADE FIXTURES.** All    trade    fixtures, equipment and furnishings installed by Lessee in the premises other than improvements made by Lessee to the premises, shall remain the property of Lessee and shall be removable from time to time and also at the expiration of the term of this lease or other termination thereof, provided Lessee shall not at such time be in default under any covenant or agreement contained in this lease; otherwise such fixtures shall not be removed and Lessor shall have a lien on said fixtures to secure itself against loss and damage resulting from said defaults by Lessee.

SECTION 17:    **CONDEMNATION.**
A.    Partial:  If any part of the demised premises or parking areas shall be taken as aforesaid, and such partial taking shall render that portion not so taken unsuitable for the business of Lessee (except for the amount of floor space), then this lease and the term herein shall cease and terminate as aforesaid.  If such partial taking is not extensive enough to render the premises unsuitable for the business of Lessee, then this lease shall continue in effect except that the minimum rent shall be reduced in the same proportion that the floor area of the demised premises taken bears to the original floor area demised and Lessor shall, upon receipt of the award in condemnation, make all necessary repairs or alterations to the building in which the demised premises are located so as to constitute

11

the portion of the building not taken a complete architectural unit.

B.    If more than twenty (20%) percent of the floor area of the building in which the demised premises are located shall be taken as aforesaid, Lessor or Lessee, may by written notice to the other party, terminate this lease, such termination to be effective as aforesaid.

C.    If this lease is terminated as provided in this paragraph, the rent shall be paid up to the day that possession is so taken by public authority.

D.    Lessee shall have the right to claim from the condemner such compensation as may be recoverable by Lessee in its own right for damage to Lessee's business, fixtures and improvements installed by Lessee at its own expense; however, in the event of such taking Lessee agrees to make no claims against Lessor for the value of the unexpired portion of the term of this lease, nor for any related losses thereby occasioned.

SECTION 18:    **BANKRUPTCY.**    If any sale of Lessee's interest in the premises created by this lease shall be made under execution or similar legal process, or if Lessee shall be adjudicated a bankrupt or insolvent, or if a receiver or trustee shall be appointed for its business or property, or if a petition shall be filed under the Federal Bankruptcy Act, as amended from time to time, for a corporate reorganization of Lessee or for an arrangement with its creditors, or if Lessee shall make an assignment for the benefit of creditors or initiate proceedings pursuant to any insolvency law, or if in any manner Lessee's interest under this lease shall pass to another by operation of law; then, in any of said events, Lessee shall be deemed to have committed a material breach of this lease and the tenancy hereby created shall be deemed immediately terminated upon Lessor's notice of same; but notwithstanding such termination, Lessee shall remain liable for all rent and damages which may be due at the time of such termination, and further, shall be liable for the damages and rent for the unexpired term of this lease as set forth in this lease.

If the Lessee shall become insolvent or if bankruptcy proceedings shall be begun by or against the Lessee, before the end of said term the Lessor is hereby irrevocably authorized at its option, to forthwith cancel this lease, as for a default. Lessor may elect to accept rent from such receiver, trustee, or other judicial officer

12

during the term of their occupancy in their fiduciary capacity without effecting Lessor's rights as contained in this contract, but no receiver, trustee or other judicial
officer shall ever have any right, title or interest in or to the above described property by virtue of this contract.

SECTION 19:    **DEFAULT**.    Each    of    the    following,    in addition to other defaults stated in this lease, shall be deemed a default by the Lessee and a material breach of this lease.

A.    In the event of failure of Lessee to pay rent due hereunder on or before the third (3rd) day following each rental due date, Lessee shall pay a ten (10%) percent delinquent charge on the current and any future delinquencies.

B.    Failure to pay rent or additional sums when due under this lease; or

C.    Failure to perform any covenant or condition of this lease or to comply with building rules and regulations (other than the payment of rent) and the continuation thereof for a period of ten (10) days following notice thereof by the Lessor to the Lessee; or

D.    Abandonment of the premises or termination of business at the premises.

SECTION 20:    **DEFAULT BY LESSEE - LESSOR'S REMEDIES**.
The prompt payment of the rent for said premises upon the dates named, and the faithful observance of the rules and regulations printed upon this Lease, and which are hereby made a part of this covenant, and of such other and further rules or regulations as may be hereafter made by the Lessor, are the conditions upon which the Lease is made and accepted and any failure on the part of the Lessee to comply with the terms of said Lease, or any of said rules and regulations now in existence, or  which may be hereafter prescribed by the Lessor, shall at the option of the Lessor, work a forfeiture of this contract, and all of the rights of the Lessee hereunder, and thereupon the Lessor, his agents or attorneys, shall have the right to enter said premises, and remove all persons therefrom forcibly or otherwise, and the Lessee thereby expressly waives any and all notice required by law to terminate tenancy, and also waives any and all legal proceedings to recover possession of said premises, and expressly agrees that in the event of a violation of any of the terms of this Lease, or of said rules

13

and regulations, now in existence, or which may hereafter be made, said Lessor, his agent or attorneys, may immediately re-enter said premises and dispossess Lessee without legal notice or the institution of any legal proceedings whatsoever.

If the Lessee shall abandon or vacate said premises before the end of the term of this Lease, or shall suffer the rent to be in arrears, the Lessor may, at his option, forthwith cancel this Lease or he may enter said premises as the agent of the Lessee, by force or otherwise, without being liable in any way therefor, and relet the premises with or without any furniture that may be therein, as the agent of the Lessee, at such price and upon such terms and for such duration of time as the Lessor may determine, and receive the rent therefor, applying the same to the payment of the rent due by these presents, and if the full rental herein provided shall not be realized by Lessor over and above the expenses to Lessor in such re-letting, the said Lessee shall pay any deficiency, and if more than the full rental is realized Lessor will pay over to said Lessee the excess of demand.

Lessee covenants that upon the expiration, termination, or cancellation of this lease, whether by lapse of time or otherwise, it will at once peaceably and quietly deliver up to Lessor all of the leased premises, including all buildings and improvements thereon, in as good a state and condition as reasonable use, wear and tear and natural depreciation will have permitted. Nothing in this paragraph shall be construed to relieve or release the Lessee from any of its obligations for maintenance and repair under the terms of this lease or from any of its other obligations hereunder.

The said lessee hereby pledges and assigns to the Lessor all the furniture, fixtures, goods and chattels of said Lessee, which shall or may be brought or put on said premises as security for the payment of the rent herein reserved, and the Lessee agrees that the said lien may be enforced by distress foreclosure or without notice at the election of said Lessor, and does hereby agree to pay attorney's fees, together with all costs and charges therefore incurred or paid by the Lessor. In addition, all past due sums owing Lessor from Lesser under this lease shall bear interest at the rate of eighteen (18%) percent per annum until paid.

SECTION 21:    **LESSOR - DEFINITION**. The term "Lessor" as used in this lease means only the owner of a lease of said leased premises thereunder so that in the event of the sale of the said

building or an assignment of this lease, or a demise of said building and/or land, Lessor shall be and hereby is entirely freed and relieved of all obligations of Lessor hereunder.

It is specifically understood and agreed that there shall be no personal liability on Lessor in respect to any of the covenants, conditions or provisions of this lease; in the event of a breach or default by Lessor of any of its obligations under this lease, Lessee shall look solely to the equity of the Lessor in the premises for the satisfaction of Lessee's remedies.

SECTION 22:    **REMEDIES CUMULATIVE**. Mention in this lease of any specific right or remedy shall not preclude Lessor from exercising any other right or from having any other remedy or from maintaining any action to which it may be otherwise entitled either at law or in equity including, without limitation Lessor's remedies for Lessee's default in the payment of rent, and the failure of Lessor to insist in any one or more instances upon a strict performance of any covenant of Lessee under this lease or to exercise any option or right herein contained shall not be construed as a waiver or relinquishment for the future of any such covenant, right or option; but it shall remain in full force and effect unless the contrary is expressly waived in writing by Lessor.

SECTION 23:    **NOTICES.**  All notices required to be given to Lessor hereunder shall be sent by certified mail, and all payments shall be made, to Lessor at 2270 Lancaster Drive, Clearwater, Florida, 33764, or to any other address as Lessor may direct from time to time by certified mail; and notices to Lessee may be hand delivered or mailed to Lessee at the leased premises.

Unless otherwise specified herein, all payments due either party hereto shall be paid to that party at the address specified for the giving of notices to that party.

Section 24:    **SIGNS.**    It is hereby understood and agreed that any signs or advertising to be used, including awnings, in connection with the premises leased hereunder shall be first submitted to the Lessor for approval before installation of same.

SECTION 25:    **AMENDMENT TO LEASE**.   This lease may be modified, amended or surrendered only by written instrument duly executed by Lessor or Lessee.

15

SECTION 26:    **SUMMARY REMEDIES.**    To enforce any right or remedy herein provided or given by law, the Lessor may pursue any and all statutory or summary proceedings applicable in the State of Florida and Lessor shall be entitled to recover costs, expenses and reasonable attorneys fees as a result thereof.

SECTION 27:    **GOVERNING LAW.**    This Lease is to be construed under the laws of the State of Florida.    Should any provisions of this Lease and/or of its conditions be illegal or not enforceable under any Court decisions or any laws, ordinances or regulations of any governing authority having jurisdiction over the parties hereto or the leased premises, it or they shall be considered severable, and all other provisions of this Lease and the other conditions of this lease shall remain in full force and be binding upon the parties as though the illegal or unenforceable provisions had never been included.

SECTION 28:    **ENTIRE AGREEMENT.**    This instrument shall constitute the entire agreement the parties and shall be binding upon the respective heirs, or legal representatives of Lessee, should Lessee cease to exist.

SECTION 29:    **COMPLIANCE.**    The Lessee shall promptly execute and comply with all statutes, Ordinances, rules, orders, regulations and requirements of the Federal, State and City Government and of any and all of their Departments and Bureaus applicable to said premises for the correction, prevention, and abatement of nuisances or other grievances, in, upon, or connected with said premises during said term; and shall also promptly comply with and execute all rules, orders and regulations of the Southeastern Underwriters Association for the prevention of fires at Lessee's own cost and expense.

SECTION 30:    **EXEMPTION RIGHTS.**    Lessee hereby waives and renounces for itself, its heirs and assigns any exemption rights it may now or hereafter under or by virtue of the constitution and laws of the State of Florida, or of any other state, or of the United States, as against the payment of said rental or any portion hereof, or any other obligation or damage that may accrue under the terms of this agreement.

SECTION 31:    **PARTIAL INVALIDITY.**    If any term covenant or condition of this lease or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the

remainder of this lease, or the application of such term, covenant or condition to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby and each term, covenant or condition of this lease shall be valid and be enforced to the fullest extent permitted by law.

SECTION 32:    **RADON DISCLOSURE:**    Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time.    Levels of radon that exceed federal and state guidelines have been found in buildings in Florida.    Additional information regarding radon and radon testing may be obtained from your county public health unit.

SECTION 33:    **GUARANTEE AGREEMENT:** Guarantors of this Lease Agreement shall be ANNA TALANGA, DARINA TALAMGA, IVAN TALANGA, and ZDRAVKO TALANGA.

THIS AGREEMENT WAS PREPARED BY MARC A.B. SILVERMAN, AS ATTORNEY FOR LESSOR. LESSEE ACKNOWLEDGES THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO THEM AND THEY HAVE BEEN ADVISED OF THEIR RIGHT TO HAVE LEGAL COUNSEL REVIEW THE TERMS OF THIS AGREEMENT.

BY SIGNING THIS LEASE AGREEMENT, THE LESSEE AGREES THAT UPON SURRENDER OR ABANDONMENT, AS DEFINED BY CHAPTER 83, FLORIDA STATUTES, THE LESSOR SHALL NOT BE LIABLE FOR STORAGE OR DISPOSITION OF THE LESSEE'S PERSONAL PROPERTY.

LESSOR:

_____    IOANNIS TAGARAS, Lessor

_____

_____    H TAGARAS
EVA TAGARAS, Lessor

_____

17

LESSEE:

ELITE HOLDINGS, LLC

By: _____
ANNA TALANGA, MGRM

By: _____
DARINA TALANGA, MGRM

By: _____
IVAN TALANGA, MGRM

By: _____
ZDRAVKO TALANGA, MGRM

ALL OF THE TERMS, PROVISIONS, CONDITIONS AND OBLIGATIONS CONTAINED IN
THE FOREGOING LEASE AGREEMENT ARE HEREBY GUARANTEED BY:

_____
ANNA TALANGA

_____
DARINA TALANGA

_____
IVAN TALANGA

_____
ZDRAVKO TALANGA

18