*Original Note*

R67irukrukryukyukyuk

**PROMISSORY NOTE**

Dated: **May 20, 2013**

1. <u>Principal.</u>  FOR VALUE RECEIVED, the undersigned, **Zdravko Talanga and Darina Talanga**, husband and wife, (Borrower) whose address is 18400 US Highway 19 N; Clearwater, Florida 33764, promises to pay to **EC Finance, Inc.**, (Lender), whose address is 18514-A US Hwy 19 N; Clearwater, Florida 33764, the principal sum of **$450,000.00** (principal sum), with annual interest thereon calculated in accordance with the terms and provisions provided below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>  Interest accrued on this note shall be payable at a fixed per annum rate of **6.25%** until such time as this note is paid in full. The interest rate will change in accordance with paragraph 19 of this Note.

All amounts required to be paid under lender's note shall be payable at lender's address above, or at such other place as lender, from time to time, may designate in writing.

3. <u>Monthly Installments Including Interest.</u>  Principal and interest shall be paid in equal successive monthly installments, each in the amount of **$2,770.73**, commencing on the **the 15th day of June, 2013**, and continuing on the same day of each month thereafter **until May 15, 2018** at which time the entire unpaid principal balance shall be due.

4. <u>Security.</u>
   a. This note is secured by, among other things, a mortgage and security agreement (mortgage) bearing the date of this note, executed and delivered by Borrower, as mortgagor, to Lender, as mortgagee, encumbering property in Pinellas County, Florida as more fully described in the mortgage.

   b. All of the agreements, conditions, covenants, provisions, and stipulations contained in the mortgage and security documents that are to be kept and performed by Borrower and any guarantors of the note, are made hereby a part of this note to the same extent and with the same force and effect as if they were set forth fully herein, and Borrower covenants and agrees to keep and perform them or cause them to be kept and performed strictly in accordance with their terms.

5. <u>Prepayment.</u>  Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (i) first, to any accrued interest due and unpaid as of the date of such payment; (ii) second, to the outstanding principal sum; and (iii) the balance, if any, to any accrued, but not yet due and payable, interest.

6. <u>Late Charge.</u>  If any required payment, including the final payment due on the maturity date, is not paid within 5 days from and including the date upon which it was due (whether by acceleration or otherwise), then, in each such event, all past due amounts shall be subject to a late penalty of ten (10) cents on every dollar owed (the late penalty). This late penalty shall be in addition to any other interest due as provided for in Paragraph 2 and in addition to all other rights and remedies provided herein or by law for the benefit of the holder upon a default. The acceptance of any payment by the holder of the note shall not act to restrict the holder at all in exercising any other rights under the note or the law, to waive or release Borrower from any obligations contained herein, or to extend the time for payments due under this note.

7. <u>Default and Remedies.</u>  If Borrower fails to pay principal and/or interest on the date on which it falls due or to perform any of the agreements, conditions, covenants, provisions, or stipulations contained in this note, in the mortgage, or in the security documents, then Lender, at its option and without notice to Borrower, may declare immediately due and payable the entire unpaid balance of principal with interest from the date of such default at the rate of 18% per annum and all other sums due by Borrower hereunder or under the mortgage, anything herein or in the Mortgage to the contrary notwithstanding. Payment of this may be enforced and recovered in whole or in part at any time by one or more of the remedies provided to Lender in this note, in the mortgage, or in the security documents. In such case, Lender may also recover all costs in connection with suit, a reasonable attorney's fee for collection, and interest on any judgment obtained by Lender at the highest legal rate.

The remedies of Lender and the warrants provided in this note, the mortgage, or the security documents shall be cumulative and concurrent, and they may be pursued singly, successively, or together at the sole discretion of Lender. They may be exercised as often as occasion shall occur, and failing to exercise one shall in no event be construed as a waiver or release of it.

8. <u>Attorneys' Fees and Costs.</u>  If Lender engages any attorney to enforce or construe any provision of this note or the mortgage, or as a consequence of any default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been added to the principal.

9. <u>Waivers.</u>

   a. Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied upon under a judgment obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender.

   b. Borrower and all endorses, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of any other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorses, sureties, and guarantors consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by Lender with respect to the payment or other provisions of this Note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorses, guarantors, or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   c. Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and then only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

   d. Maker and all endorsers, sureties, and guarantors waive the right to trial by jury of any issue arising out of or incident to this Note.

10. <u>Notices.</u> All notices required under or in connection with this Note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

11. <u>Costs and Expenses.</u> Borrower shall pay the cost of any revenue tax or other stamps now or hereafter required by law at any time to be affixed to this note.

12. <u>No Partnership or Joint Venture.</u> Nothing contained in this note or elsewhere shall be construed as creating a partnership or joint venture between Lender and Borrower or between Lender and any other person or as causing the holder of the note to be responsible in any way for the debts or obligations of Borrower or any other person.

13. <u>Interest Rate Limitation.</u> Notwithstanding anything contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest on this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forthwith. In determining whether the interest paid or payable in any specific case exceeds the highest lawful rate, the holder and the Borrower shall to the maximum extent permitted under applicable law (a) characterize any non-principal payment as an expense, fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

14. <u>Modification.</u> In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledgee/assignee.

15. <u>Number and Gender.</u> In this note the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

16. <u>Headings.</u> Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

17. <u>Time of Essence.</u> Time is of the essence with respect to every provision hereof.



18. <u>Governing Law.</u> This note shall be construed and enforced in accordance with the laws of the State of Florida, except to the extent that federal laws preempt the laws of the State of Florida.

19. <u>Adjustable Interest Rate</u>.

A. <u>Change Dates</u>. The interest rate set forth in paragraph 2 will change to an adjustable rate on the 20th day of June, 2013, and the interest rate may change on the 20th day of every month thereafter. The date on which the interest rate could change, is called a Change Date.

B. <u>The Index</u>. Beginning with the first Change Date, the interest rate will be based on an Index. The Index is the Prime Rate as reported by the Federal Reserve Board. The most recent Index figure available as of the Change Date is called the Current Index. If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.

C. <u>Calculation of Changes</u>. Before each Change Date, the Note Holder will calculate the new interest rate by adding three percentage points (3%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eight of one percentage point (0.125%). This rounded amount will be the new interest rate until the next Change Date.

D. <u>Minimum Rate</u>. Notwithstanding the foregoing, the minimum interest rate will 6.25%.

IN WITNESS WHEREOF, Borrower has executed this promissory note on the date set forth above.

*[handwritten annotation in right margin: "New rate 3.50% as of 1-1-1l"]*

_____
Zdravko Talanga

_____
Darina Talanga