This Instrument Prepared by and Return to:

**Douglas L. Hilkert, Esq.**
DOUGLAS L. HILKERT P.A.
2557 Nursery Road Suite A
Clearwater, Florida 33764
(727) 507-9559
FILE NUMBER: 1477-8128

KEN BURKE, CLERK OF COURT
AND COMPTROLLER PINELLAS COUNTY, FL
INST# 2013180693 06/04/2013 at 01:50 PM
OFF REC BK:.18029 PG: 1200-1205
DocType:MTG RECORDING: $52.50

M DOC STAMP: $1575.00 INT TAX: $900.00

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $420,017.39, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

# Mortgage

THIS MORTGAGE dated this __31__ day of May, 2013, is executed by **Zdravko Talanga and Darina Talanga**, husband and wife, (the Mortgagor), who in consideration of the principal sum specified in the promissory note hereafter described received from **EC Finance, Inc.**, a Florida corporation, whose address is: 18514-A US Hwy 19 N; Clearwater, Florida 33764, (the Mortgagee), does hereby mortgage to the Mortgagee the real property located in Pinellas County, Florida, more fully described as follows:

The North 200 feet of the following described property:

Starting at the Southeast corner of Section 19, Township 29 South, Range 16 East, and thence run North 89°19'38" West, 225.00 feet; thence continue North 01°26'21" East, 371.67 feet to the Point of Beginning; thence continue North 01°26'21" East, 300.00 feet, thence run South 89°22'01" East, 125.00 feet to the Westerly right-of-way of U.S. Highway 19; thence run South 01°26'21" West along said Westerly right-of-way, 300.00 feet; thence run North 89°22'01" West, 125.00, to the Point of Beginning, all lying and being situate in Section 19, Township 29 South, Range 16 East, Pinellas County Florida.

Together with all the improvements now or hereafter erected on the the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Mortgage. (the property)

as security for the payment of the promissory note attached as exhibit "A" (the note), and agrees:

1. To make all payments required by the note and this mortgage promptly when due.

2. To pay all taxes, assessments, liens, and encumbrances on that property promptly when due. If they are not promptly paid, the Mortgagee may pay them without waiving the option to foreclose, and those payments, with interest on them from the date of payment at the same rate as specified in the note, shall also be secured by this mortgage.

3. To keep all buildings now or hereafter on that land insured for full replacement cost with such coverage(s) as may be required by the Mortgagee, by an insurer satisfactory to the Mortgagee, the insurance policy to be held by and payable to the Mortgagee. If the Mortgagor does not do this, the Mortgagee may do so without waiving the option to foreclose, and the cost of the insurance, with interest from the date of payment at the same rate as specified in the note, shall also be secured by this mortgage. If any sum is paid under a claim on such a policy, the Mortgagee may apply it to the indebtedness secured by this mortgage, or may permit the Mortgagor to use it for other purposes, without impairing the lien of this mortgage.

4. To commit, permit, or allow no waste, impairment, or deterioration of the mortgaged property.

5. To pay all expenses reasonably incurred by the Mortgagee because of failure of the Mortgagor to comply with the agreements in the note or this mortgage, including reasonable attorneys' fees. The cost of this, with interest from the date of payment at the same rate as specified in the note, shall also be secured by this mortgage. Maker and all endorsers, sureties, and guarantors waive the right to trial by jury of any issue arising out of or incident to this Mortgage.

6. If any payment provided for in the note is not paid within 30 days after it becomes due, or if any agreement in this mortgage other than the agreement to make the payments is breached, the entire unpaid principal balance of the note immediately shall become due at the

Case 8:17-bk-09357-MGW    Doc 76-2    Filed 03/01/18    Page 2 of 3
option of the Mortgagee, and the Mortgagee may foreclose this mortgage in the manner provided by law and have the mortgaged property sold to satisfy or apply to the indebtedness hereby secured.

7. The rents and profits of the mortgaged property also are mortgaged hereby, and, if proceedings to foreclose this mortgage shall be instituted, the court having jurisdiction should appoint a receiver of the mortgaged property and apply those rents and profits to the indebtedness hereby secured, regardless of the solvency of the Mortgagor or the adequacy of the security.

8. If all or any part of the property or any interest in it is sold, or transferred without Mortgagee's prior written consent, Mortgagee may, at its option, require immediate payment in full of all sums secured by this Mortgage. If Mortgagee exercises this option, Mortgagee shall give Mortgagor notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Mortgagor must pay all sums secured by this Mortgage. If Mortgagor fails to pay these sums prior to the expiration of this period, Mortgagee may foreclose this mortgage in the manner provided by law have the mortgage property sold to satisfy or apply to the indebtedness hereby secured.

9. Mortgagor shall not cause or permit to exist, as a result of an intentional or unintentional act or omission on its part, a releasing, discharging, spilling, leaking, pumping, emitting, pouring, emptying or dumping of a "Hazardous Substance" into waters or onto lands of the State of Florida, including the Property, or the waters of the United States, or into waters outside the jurisdiction of the State of Florida, unless said release, spill, leak, etc. is pursuant to and in compliance with the conditions of a permit issued by the appropriate federal, state or local governmental authorities. For the purposes of this Agreement, the term "Hazardous Substance" means any toxic or hazardous waste, pollutants or substances, including without limitation, asbestos, PCBs, petroleum products and by-products, substances defined or listed as "hazardous substance", "toxic substance", "toxic pollutant", or similarly identified substance or mixture, in or pursuant to any environmental law.

Mortgagor shall immediately notify Mortgagee should Mortgagor become aware of (I) any Hazardous Substance or other environmental problem or liability with respect to the Property; or (ii) any lien, action, or notice of the nature described in subparagraph (a) above. Mortgagor shall, at its own cost and expense, take all actions as shall be necessary or advisable for the clean-up of the Property, including all removal, containment and remedial actions in accordance with all applicable environmental laws, and shall further pay or cause to be paid, at no expense to Mortgagee, all clean-up, administrative and enforcement costs of applicable governmental agencies which may be asserted against the property or the owner thereof.

Mortgagor hereby agrees to indemnify, reimburse, defend and hold harmless Mortgagee, its officers, directors, employees, successors and assigns from and against all demands, claims, civil or criminal actions or causes of action, liens, assessments, civil or criminal penalties or fines, losses, damages, liabilities, obligations, costs, disbursements, expenses or fees of any kind or of any nature (including, without limitation, cleanup costs, attorneys', legal assistants', consultants' or experts' fees and disbursements and costs of litigation) which may at any time be imposed upon, incurred by or asserted or awarded against, Mortgagee directly or indirectly, related to or resulting from: (I) any acts or omissions of Mortgagor at, on or about the Property which contaminate air, soils, surface waters or groundwaters over, on or under the Mortgaged Property; (ii) pursuant to or in connection with the application of any environmental law, to the acts or omissions of Mortgagor or any other person and any environmental damage alleged to have been caused, in whole or in part, by the manufacture, processing, distribution, use, handling, transportation, treatment, storage, or disposal of any Hazardous Substance; or (iii) the presence, whether past, present or future, of any Hazardous Substances on, in or about the Property. This indemnification obligation of Mortgagor shall survive and remain in full force and effect notwithstanding payment in full and satisfaction of the Note and this Mortgage or foreclosure under this Mortgage, or delivery of a deed in lieu of foreclosure

10. This mortgage and all of the mortgaged property shall constitute security for the full and faithful performance by Mortgagor for any and all other loans, whether now or hereafter existing, which are obligations of Mortgagor or each individual Mortgagor to the Mortgagee. Mortgagor and Mortgagee agree that a default in any other loan made by the Mortgagee to the Mortgagor or each individual Mortgagor shall be a default in this Mortgage and the Note, and the Mortgagee shall immediately have all rights and remedies available to it under this Mortgage and the Note. A default in this Mortgage or the Note shall be a default in the Loan Documents and in any loan made by the Mortgagee to the Mortgagor or each individual Mortgagor. The Mortgagee shall not be obligated to satisfy this Mortgage until all obligations of Mortgagor or each individual Mortgagor to the Mortgagee have been fully met.

11. Mortgagor hereby represents, warrants, and covenants with Mortgagee that Mortgagor is indefeasibly seized of the mortgaged property in fee simple; that Mortgagor has full

power and lawful right to convey the same in fee simple as aforesaid; that it shall be lawful for Mortgagee at all times peaceably and quietly to enter upon, hold, occupy, and enjoy the mortgaged property and every part thereof; that the mortgaged property is free from all liens and encumbrances, except: NONE, and that all property, fixtures, and equipment described herein will be fully paid for and free from all liens, encumbrances, title retaining contracts, and security interests when delivered and/or installed upon the mortgaged Property; that such property, fixtures, and equipment shall be deemed to be realty and a part of the freehold; that Mortgagor will make such further assurances to prove the fee simple title to all and singular the mortgaged property in Mortgagee and to prove the lien and priority of this mortgage, as may be reasonably required, and that Mortgagor does hereby and will forever fully warrant and defend the lien and priority of this mortgage and the title to the mortgaged property and every part thereof against the lawful claims and demands of all persons whomsoever.

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $420,017.39, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

Signed, sealed and delivered in our presence:

Sign _____
Print  Douglas L. Hilkert

Sign _____
Print  FRANCES S. BEAUDRY

_____
Zdravko Talanga
18400 US Highway 19 N
Clearwater, Florida 33764

_____
Darina Talanga
18400 US Highway 19 N
Clearwater, Florida 33764

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me this  31  day of May, 2013, by Zdravko Talanga and Darina Talanga who is personally known to me (or who has produced  FDC  as identification).

DOUGLAS L. HILKERT
MY COMMISSION # EE 073534
EXPIRES: July 14, 2015
Bonded Thru Budget Notary Services

NOTARY PUBLIC:
Sign _____
Print  Douglas L. Hilkert
My Commission Expires: