# UNITED STATE BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
## www.flmb.uscourts.gov

**In re:**                                                          **Case No. 8:17-bk-09357-MGW**

**Chapter 7**

**Zdravko Talanga**
**and**
**Darina Talanga,**

     **Debtors.**
_____/

## CREDITOR EC FINANCE, INC.'S
## MOTION FOR RELIEF FROM STAY

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

   Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by US Mail.

   If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 NORTH FLORIDA AVENUE, TAMPA, FL 33602 and serve a copy on the movant's attorney, LAW OFFICE OF MICHAEL A. ZIEGLER, P.L., 13575 58TH STREET NORTH, SUITE 129, CLEARWATER, FLORIDA 33760, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

   If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

COMES NOW Creditor, EC Finance, Inc. ("Creditor"), by and through the undersigned counsel, and file this Motion for Relief from Automatic Stay, and in support thereof state as follows:

1. EC was the owner of certain real property located at 18400 US Highway 19 N, Clearwater, Pinellas County, Florida, which property was sold and owner financed to Debtors on or about May 31, 2013. Said property is more fully described as:

   The North 200 feet if the following described property:

   Starting at the Southeast corner of Section 19, Township 29 South, Range 16 East, and thence run North 89°19'38" West, 225.00 feet; thence continue North 01°26'21" East, 371.67 feet to the Point of Beginning; thence continue North 01°26'21' East, 300.00 feet, thence run South 89°22'01" East, 125.00 feet to the Westerly right-of-way of U.S. Highway 19; thence run South 01°26'21" West along said Westerly right-of-way, 300.00 feet; thence run North 89°22'01" West, 125.00 feet to the Point of Beginning, all lying and being situate in Section 19, Township 29 South, Range 16 East, Pinellas County, Florida.

   Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

2. Financing was secured by a mortgage on the property as recorded in Official Records Book 18209, page 1200, Public Records of Pinellas County, Florida.

3. Due to Debtors failure to make payments on the mortgage, Creditor initiated a foreclosure action on June 30, 2017, that being Circuit Court of Pinellas County, Florida, Case No. 17-004106-CI, which was set to be heard on November 29, 2017.

4. On November 2, 2017, Debtors filed a voluntary Chapter 7 petition.

5. 11 USC § 362 provides in part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or (B) the debtor has commenced monthly payments that--(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

6. Cause exists to provide relief from stay where:

    a. The Debtor is not providing adequate protection with respect to the Property; and

    b. The Debtor does not have any equity in the Property.

7. Creditor requests the Court to waive the 14 day stay period pursuant to Bankruptcy Rule 4001(a)(3).

WHEREFORE Creditor prays this court grant this Motion for Relief from Stay, lift the automatic stay imposed by 11 USC § 362 in rem with respect to the real property set out above, and such further relief as deemed just and equitable.

Respectfully submitted on this **05** day of **March, 2018**.

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
FBN: 74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
mike@zieglerlawoffice.com

## CERTIFICATE OF SERVICE

I hereby swear or affirm that a true and correct copy of foregoing has been served upon all interested parties who are required to receive notice per the attached mailing matrix by the CM/ECF system or other authorized means as required by law.

Respectfully submitted on this **05** day of **March, 2018**.

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.