UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| In Re: ) | | Chapter 7 |
| ) | | |
| ZDRAVKO TALANGA and ) | | Case:  8-17-bk-09357-MGW |
| DARINA TALANGA, ) | | |
|     Debtors. ) | | Hon. Michael G. Williamson |
| _____ ) | | |
| ) | | |
| ELITE FINANCIAL EDGE, LLC., a ) | | |
| Florida limited liability company, ELITE ) | | |
| CAR SALES, LLC., a Florida limited ) | | |
| liability company, ELITE CAR SALES OF ) | | |
| CLEARWATER, Inc., a Florida corporation,) | | |
| ANNA DUNEDIN REALTY, LLC, a ) | | |
| Florida limited liability company, SOPHIA ) | | |
| HIGHLAND REALTY, LLC, a Florida ) | | |
| Limited liability company, PAT MARGAS, ) | | |
| an individual person, HELEN ) | | |
| VASILOUDES, an individual person, ) | | |
| PANOS VASILOUDES, an individual ) | | |
| Person CYGRAM HERITAGE, LLLP, ) | | |
| a Florida limited liability limited ) | | |
| partnership, and CYGRAM HOLDINGS, a ) | | |
| foreign limited partnership, ) | | |
|     Plaintiffs, ) | | |
| ) | | Adv. No: _____ |
| v. ) | | |
| ) | | |
| ZDRAVKO TALANGA, an individual ) | | |
| person, and DARINA TALANGA, an ) | | |
| individual person, ) | | |
|     Defendants ) | | |
| _____ ) | | |

STATE OF FLORIDA
COUNTY OF PINELLAS

### **AFFIDAVIT – Second Affidavit of PANAYIOTIS VASILOUDES, M.D., Ph. D.**

Before me, the undersigned authority, personally appeared Panayiotis Vasiloudes, M.D., Ph.D., who being duly sworn deposed as follows:

1. My name is Panayiotis (Panos) Vasiloudes. I am at least 18 years of age, of sound mind, and capable of making this affidavit.
2. I am personally acquainted with the facts herein stated.
3. Before January 2017 I entered into several business relationships with the Debtors, Zdravko and Darina Talanga and their children not part of this Chapter 7 petition, Ivan Talanga and Anna Talanga.
4. In addition to separate personal loans and the unauthorized sale of my wife's motor vehicle achieved by forging my signature to obtain a substitute title, these business relationships included:
    a. Elite Financial Edge, LLC., in the business of providing loans for automobiles and now in the process of winding up and shutting down. At this point, we've determined that at least 1/3 of the loans the Talangas jointly originated on behalf of the company were to non-existent persons for non-existent vehicles. And, we've also determined that in addition to bouncing numerous checks in excess of $120,000.00, the Debtors and their children made payments to cover their prior personal liabilities to earlier investors by disguising these payments as loans and that they also improperly diverted business funds for personal gain to buy jet-skis, slingshots, boats, cars and disguised these payments as performing loans with fake payment entries and also as non-performing loans, making payments to fake companies and depositing the funds into their personal accounts, committing insurance fraud by claiming non-existent losses and then diverting these falsified insurance payments for non-existent losses into their personal accounts, resulting

in a total portfolio loss of at least 50% or, conservatively in excess of 2.3 million dollars.

b. Elite Car Sales of Clearwater, Inc., was in the business of selling used automobiles but is now closed down with only debts remaining.

c. Elite Car Sales, LLC., was in the business of selling used automobiles, but is now closed down with only debts remaining.

d. Villa Anna Assisted Living Facility, LLC., is in the business of operating an assisted living facility. I authorized the transfer of ownership of Villa Anna Assisted Living Facility as a sign of good faith and will to the Talangas as part of a Settlement Agreement executed in June 2017 that the Talangas have now defaulted upon. I believe it was the Talangas' fraudulent intent, while negotiating this Settlement Agreement, to improperly use this bankruptcy proceeding to void their debt; a debt arising from their embezzlement in excess of 2.3 million dollars from all these business entities combined.

e. Anna Dunedin Realty, LLC., was intended to be in the business of renting its real property out for residential use as an assisted living facility. In fact, Anna Dunedin Realty, LLC., was created to own the Assisted Living Facility located at 353 Colonial Court, Dunedin, Florida and specifically to be rented to Villa Anna Assisted Living Facility, LLC. However, since January 2017, the past 18 months, Villa Anna Assisted Living Facility, LLC has failed to pay any rent, insurance, realty taxes, insurance, and on occasion failed to pay employees, state and federal employment taxes, utilities, failed to honor checks, and adequately staff the facility. The property taxes are in arrears and owed with interest for 2016 and

2017 and shortly for 2018. Villa Anna has been notified of their default of the Lease and Settlement Agreement for failure to pay. Villa Anna has also been on notice since January 2017 that Anna Dunedin intends to sell the property because of Villa Anna's default. As noted below, Anna Dunedin Realty, LLC., has a contract for sale of its real property but the Debtors and their children are prohibiting access to the property in violation of the Lease, Settlement Agreement, Deed, Settlement Agreement, and law.

    f. Sophia Highland Realty, LLC., was abandoned by the Talangas who left the property in disrepair while it required immediate action to avoid issues with code-enforcement complaints, did not pay subcontractors, rent, taxes and likely diverted materials purchased for Sophia Highland Realty, LLC's real property for repairs and improvements to the Debtors personal residence, 1925 Dolphin Drive, Clearwater, Florida. As a result of the Talanga's default the need for immediate action because of a pending code-enforcement complaint and fine, Sophia Highland's real property was sold before the Talangas filed their bankruptcy petition.

5. To the best of my knowledge and understanding, Darina Talanga owns and controls and control Villa Anna Assisted Living Facility, LLC.

6. To the best of my knowledge and understanding, and pursuant to Darina Talanga's testimony at her 4 Debtors' 341 Hearings, Darina and Zdravko own 70% of Elite Holdings, LLC.

7. And, Elite Holdings, LLC., owns a minority share of Anna Dunedin Realty, LLC; with the majority owned by Cygram Heritage, LLLP. Elite Holdings LLC's ownership interest

has been diluted by their failure to respond to cash calls to carry the outstanding mortgage.

8. Cygram Heritage LLLP., appointed me as its representative.

9. Anna Dunedin Realty, LLC., owns one real property located at 353 Colonial Court, Dunedin, Pinellas County, Florida.

10. Following a meeting of its members, by majority vote, in January 2017:
    a. Anna Dunedin Realty, LLC., authorized only Panos Vasiloudes on behalf of Cygram Heritage, LLLP to conduct business on Anna Dunedin Realty's behalf;
    b. Voted to sell its real property located at 353 Colonial Court, Dunedin, Florida;
    c. Voted to evict Villa Anna Assisted Living Facility, LLC.
    d. And issued a cash-call of $62,000.00 with ownership dilution if not paid. When was it Documented? Prior and recently to cover the mortgage payments? This was in January 2017.

11. Since January 2017 only member Cygram Heritage LLLP has paid any funds to Anna Dunedin Realty, LLC; Elite Holdings has paid nothing.

12. And in violation of the lease, the Talangas have barred entry onto or into the property in violation of the Lease executed by Darina Talanga for Villa Anna Assisted Living Facility, LLC.

13. Since January 2017, I notified Villa Anna Assisted Living Facility, LLC., that they were in violation of their lease and the Settlement Agreement of their default and that they needed to leave.

14. The Talangas and Villa Anna Assisted Living Facility have ignored me, contributed nothing, and Darina testified that she is using the funds from the tenants to pay their personal expenses.
15. I was provided with a bona fide purchase offer for 353 Colonial Drive, Dunedin.
16. I negotiated a price in which each member would get paid and all debts would be satisfied.
17. The purchase offer requires a walk-through in 14 days.
18. I scheduled a walk-through for Friday, August 10, 2018.
19. The Talangas were notified through their bankruptcy attorney, Mr. Donica, of the Walkthrough.
20. The Talangas notified the Pinellas County Sheriff's Office and two deputies on August 10, 2018 preventing our access to the property.
21. The deputies were provided with:
    a. The Deed for 353 Colonial Court indicating that Anna Dunedin Realty, LLC., owns the property in question.
    b. The Pinellas County Property Appraiser's Website information indicating that Anna Dunedin Realty, LLC., owns the property in question.
    c. The Lease between Anna Dunedin Realty, LLC., and Villa Anna Assisted Living Facility, LLC., clearly indicating that Anna Dunedin Realty, LLC., has the right to access the property at all times.
    d. The State of Florida Sunbiz data indicating that:
        i. Villa Anna Assisted Living Facility, LLC., is owned by Darina Talanga;

:

  ii. Elite Holdings, LLC., is owned by Darina, Zdravko, Ivan, and Anna Talanga;

  iii. Anna Dunedin Realty, LLC., is owned by Cygram Heritage LLLP and Elite Holdings;

    1. Cygram Heritage filed a Statement of Authority for Anna Dunedin Realty, LLC, excluding Elite Holdings and the Talangas

    2. Cygram Heritage LLLP appointed me as its agent

    3. A Members' Resolution for the sale of 353 Colonial Drive

 e. The June 2017 Settlement Agreement showing that in the case of a default, Anna Dunedin could sell the property immediately.

 f. A copy of the Docket Sheet for the Talangas Chapter 7 proceeding demonstrating that only Darina and Zdravko filed bankruptcy and that it did not involve Anna Dunedin Realty, LLC., Elite Holdings, LLC., or Villa Anna Assisted Living Facility LLC.

22. Despite everything provided, the Sheriff's Deputies denied us access to Anna Dunedin Realty, LLC., claiming that the case was in bankruptcy and that because it was a civil matter, they would absolutely need a court order from the bankruptcy court to allow Anna Dunedin Realty LLC access to the property.

23. My attorney, Adam Levine, and my realtor, the listing agent, the buyer, and the buyer's agent discussed this with the two deputies outside 353 Colonial Court for over 1.5 hours this morning. I do not understand why I am being forced to pay for everything and why the Talangas have been permitted to violate the law in this manner. Darina Talanga testified that she used and/or uses Villa Anna as her personal checking account. As she

testified, she is accepting federal funds for the care of these assisted living facility residents but not using such funds to pay her rent. In fact, I recently learned that Villa Anna was fined $10,000.00 for failing to adequately supervise the residents at night. And I learned that Villa Anna has judgements against it from Waste Management and from AMSCOT. It appears that Villa Anna has a propensity not to either pay its bills, its insurance, its taxes, or its rent. I am outraged that as a creditor I am still being forced to underwrite the Talangas' lifestyle.

24. The terms of the sale require a walk-through within 14 days. This property has been listed for sale for over a year and now the one bona fide offer is in danger of being lost any day.

25. I strongly believe the Talangas are wasting any potential estate assets, to which I too am a creditor, by denying or preventing the sale of this property because at the contract price, the sale of this property should yield sufficient funds to pay the property's mortgage, the debt to the member paying all its bills for almost 2 years, past real estate taxes, and then to partially offset funds that were cross-collateralized and lost by the Debtors bad acts from the other business entities.

26. However, any recovery is going to be lost or limited if the property is not sold or if more funds are required to evict the Talangas from a property for which they've paid nothing and are essentially squatting in.

27. Therefore, I strongly but respectfully request that this court either hold an emergency hearing as soon as possible or simply enter an order requiring both that the Debtors immediately permit the landlord, Anna Dunedin Realty, and any potential buyers, access to the property via a property walkthrough during normal business hours, and that such

an order be directed to the Pinellas County Sheriff's Office. Further, I respectfully request that this Court enter a further order allowing for the sale of 353 Colonial Court.

28. I strongly believe that the Debtors are improperly using this Chapter 7 filing as part of an improper scheme to defraud me, previous investors, and creditors. Essentially this was a Ponzi scheme in which the Debtors took money from new investors, me, to pay old investors. The Debtors defrauded at least 2.3 million dollars from me. And to date, the Trustee has recovered nothing, has frozen no assets, and has taken no apparent action.

**Further affiant sayeth not.**

_____
Panayiotis Vasiloudes, M.D., Ph.D.

The foregoing document was acknowledged before me on this 13th day of August 2018 by Panayiotis Vasiloudes, M.D., Ph.D. who is personally known to me.

Notary signature: _____ Notary Seal:

Notary name: Elizabeth Smook

Notary Expiration Date: 3/5/2019

ELIZABETH F SMOOK
MY COMMISSION # FF206924
EXPIRES March 05, 2019
FloridaNotaryService.com