**STATE OF FLORIDA**
**AGENCY FOR HEALTH CARE ADMINISTRATION**

FILED
AHCA
AGENCY CLERK

2018 MAY 23  A 10: 22

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

      Petitioner,

                                         Case No. 17-391PH

v.

                                         AHCA No. 2017008121

VILLA ANNA ASSISTED LIVING
FACILITY, LLC,

      Respondent.
_____/

## FINAL ORDER

      THIS CAUSE came on for consideration before the Agency for Health Care Administration ("the Agency"), which finds and concludes as follows:

      1.      The Agency issued the Respondent the attached Administrative Complaint. (Ex. 1) The case was forwarded to the Presiding Officer for an informal hearing to be conducted pursuant to Section 120.57(2), Florida Statutes.

      2.      The Presiding Officer subsequently entered a Recommended Order of Dismissal. (Ex. 2)

      Based upon the foregoing, it is **ORDERED:**

      3.      The Agency adopts the findings of fact and conclusions of law set forth in the Recommended Order of Dismissal.[1]

      4.      The Respondent's request for hearing is dismissed.

      5.      The Administrative Complaint is upheld and the Respondent shall pay the Agency $10,365.27. If full payment has been made, the cancelled check acts as receipt of payment and no further payment is required. If full payment has not been made, payment is due within 30 days of the Final Order. Overdue amounts are subject to statutory interest and may be referred to collections. A check made payable to the "Agency for Health Care Administration" and containing the AHCA ten-digit case number should be sent to:

      Central Intake Unit
      Agency for Health Care Administration
      2727 Mahan Drive, Mail Stop 61
      Tallahassee, Florida 32308

---

[1] Page 4 of the Recommended Order of Dismissal erroneously states "....*Petitioner's* request for Informal hearing...." The Respondent is the party that requested the Informal Hearing.

001

Exhibit Q: AHCA Final Order

**ORDERED** in Tallahassee, Florida, on this ___22___ day of _Muy_____, 2018.

_____

Justin M. Senior, Secretary
Agency for Health Care Administration

### NOTICE OF RIGHT TO JUDICIAL REVIEW

A party who is adversely affected by this Final Order is entitled to judicial review, which shall be instituted by filing one copy of a notice of appeal with the Agency Clerk of AHCA, and a second copy, along with filing fee as prescribed by law, with the District Court of Appeal in the appellate district where the Agency maintains its headquarters or where a party resides. Review of proceedings shall be conducted in accordance with the Florida appellate rules. The Notice of Appeal must be filed within 30 days of rendition of the order to be reviewed.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to the persons named below by the method designated on this _25_ day of _____May_____, 2018.

_____

Richard J. Shoop, Agency Clerk
Agency for Health Care Administration
2727 Mahan Drive, Mail Stop 3
Tallahassee, Florida 32308
(850) 412-3630

| | |
|---|---|
| Facilities Intake Unit<br>Agency for Health Care Administration<br>(Electronic Mail) | Central Intake Unit<br>Agency for Health Care Administration<br>(Electronic Mail) |
| Nicola L. C. Brown, Senior Attorney<br>Office of the General Counsel<br>Agency for Health Care Administration<br>(Electronic Mail) | Darina Talanga, Administrator<br>Villa Anna Assisted Living Facility, LLC<br>353 Colonial Court<br>Dunedin, FL 34689<br>(U.S. Mail) |
| Warren J. Bird<br>Presiding Officer<br>Agency for Health Care Administration<br>(Electronic Mail) | |

002

Exhibit Q: AHCA Final Order

STATE OF FLORIDA
AGENCY FOR HEALTH CARE ADMINISTRATION

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

     Petitioner,

v.                                           Case No.: 2017008121

VILLA ANNA ASSISTED LIVING FACILITY, LLC,

     Respondent.

_____/

## ADMINISTRATIVE COMPLAINT

COMES NOW the Petitioner, State of Florida, Agency for Health Care Administration ("the Agency"), by and through its undersigned counsel, and files this Administrative Complaint against the Respondent, Villa Anna Assisted Living Facility, LLC ("Respondent"), pursuant to Sections 120.569 and 120.57, Florida Statutes (2017), and alleges:

## NATURE OF THE ACTION

This is an action against an assisted living facility to impose an administrative fine in the amount of ten thousand dollars ($10,000.00) and survey fees of three hundred fifty-six dollars twenty-seven cents ($356.27), for a total sum of ten thousand three hundred fifty-six dollars twenty-seven cents ($10,356.27) based upon two (2) Class II deficient practices.

## JURISDICTION AND VENUE

1.    The Agency has jurisdiction pursuant to §§ 20.42, 120.60, and Chapters 408, Part II, and 429, Part I, Florida Statutes (2017).

2.    Venue lies pursuant to Florida Administrative Code R. 28-106.207.

**EXHIBIT 1**

003

# Exhibit Q: AHCA Final Order

PARTIES

3.  The Agency is the regulatory authority responsible for licensure of assisted living facilities and enforcement of all applicable federal regulations, state statutes and rules governing assisted living facilities pursuant to the Chapters 408, Part II, and 429, Part I, Florida Statutes, and Chapter 58A-5, Florida Administrative Code, respectively.

4.  Respondent operates a six (6) bed assisted living facility located at 353 Colonial Ct., Dunedin, FL 34698, and is licensed as an assisted living facility, license number 12663.

5.  Respondent was at all times material hereto a licensed facility under the licensing authority of the Agency, and was required to comply with all applicable rules and statutes.

**COUNT I**

6.  The Agency re-alleges and incorporates paragraphs (1) through (5) as if fully set forth herein.

7.  That Florida law provides:

> a.    An assisted living facility shall provide care and services appropriate to the needs of residents accepted for admission to the facility.
> b.    SUPERVISION. Facilities shall offer personal supervision, as appropriate for each resident, including the following:
> > (a)    Monitor the quantity and quality of resident diets in accordance with Rule 58A-5.020, F.A.C.
> > (b)    Daily observation by designated staff of the activities of the resident while on the premises, and awareness of the general health, safety, and physical and emotional well-being of the individual.
> > (c)    General awareness of the resident's whereabouts. The resident may travel independently in the community.
> > (d)    Contacting the resident's health care provider and other appropriate party such as the resident's family, guardian, health care surrogate, or case manager if the resident exhibits a significant change; contacting the resident's family, guardian, health care surrogate, or case manager if the resident is discharged or moves out.
> > (e)    A written record, updated as needed, of any

2

004

Exhibit Q: AHCA Final Order

> significant changes as defined in subsection 58A-5.0131(33), F.A.C., any illnesses which resulted in medical attention, major incidents, changes in the method of medication administration, or other changes which resulted in the provision of additional services.

> Rule 58A-5.0182(1), Florida Administrative Code.

8. That Florida law provides:

> (3) At least one staff member who has access to facility and resident records in case of an emergency must be in the facility at all times when residents are in the facility.

> Rule 58A-5.019(3)(a)(3), Florida Administrative Code.

9. That Florida law provides:

> (5) A staff member who has completed courses in First Aid and CPR and holds a currently valid card documenting completion of such courses must be in the facility at all times.

> Rule 58A-5.019(5), Florida Administrative Code.

10. That on June 1 through June 2, 2017, the Agency completed a complaint survey of Respondent's facility.

11. That based on observation and interviews, the facility failed to provide supervision and oversight required for 5 of 5 sampled residents (Residents #1-5). Specifically, the facility left the residents at night without any staff or caregivers on at least one occasion, placing the residents at risk of harm.

12. That during an interview with Resident #2 conducted on June 1, 2017, at or approximately 9:55 a.m., the resident informed Petitioner's representative that the facility often had no overnight staff. Resident #2 stated that either Staff "A" or Staff "B" were left in charge at night. The resident further explained that Staff "A" was usually gone by 11:00 p.m., and Staff "B" would frequently leave with her boyfriend.

3

005

Exhibit Q: AHCA Final Order

13. That during a follow-up visit to the facility on June 1, 2017, at or approximately11:55 p.m., Petitioner's representative observed that there were no cars belonging to staff in the driveway, and the facility was dark.

14. That after knocking on the front and back doors, and calling out for several minutes, there was no response.

15. That Petitioner's representative also observed that the main building which encompassed the rooms for Residents #1, #4, and #5, was locked.

16. That the secondary building which encompassed the rooms for Residents #2 and #3 had direct access to the rooms from the outside.

17. That at, or approximately 12:10 a.m., on June 2, 2017, during a subsequent interview with Resident #2, the resident stated that there were no staff at the facility. Resident #2 said that Staff "A" left the facility between approximately 8:30 and 9:00 p.m.

18. That Resident #2 stated that staff on night duty have left on previous occasions and the facility has been unstaffed at night.

19. Petitioner's representative learned that when the facility was left unstaffed at night, the staff member would lock the main building and leave. Therefore, residents in the secondary building would not have access to food, phones, etc., in the main building.

20. That on June 2, 2017, at or approximately 12:20 a.m., Petitioner's representative interviewed the facility's Administrator via phone.

21. That when Petitioner's representative advised the Administrator that there were no staff presently at the facility, the administrator insisted Staff "B" was there. The Administrator stated she had spoken with Staff "B" earlier that night.

4

006

Exhibit Q: AHCA Final Order

22.     That Petitioner's representative again explained to the Administrator that there were no staff at the facility and that law enforcement were called.   The Administrator then agreed to go to the facility.

23.     That on June 2, 2017, at or approximately at 12:35 a.m., Staff "A" arrived at the facility. Staff "A" explained that Staff "B" relieved him from his duties at 11:00 p.m., and was at the facility when he left. Staff "A" said the residents went to bed at 8:00 p.m., and would not have known what time he (Staff "A") left the facility.

24.     That on June 2, 2017, at or approximately 12:45 a.m., the Administrator said she would remain at the facility for the remainder of the night.  However, she would have to arrange to get a key to the medication cart, because neither she nor Staff "A" had a key to access the residents' medications.

25.     That a review of the Medication Observation Record (MOR) for June 2016 revealed that Resident #2, Resident #3, and Resident #4 all had medications ordered as needed (PRN).

26.     That on June 2, 2017, at or approximately 2:00 pm., Petitioner's representative interviewed Resident #6 (a former resident of Respondent's facility).  Resident #6 stated while he/she was a resident at the facility, staff frequently left residents unattended at night.  Resident #6 stated both Staffs "A" and "B" were culpable of the allegations. Resident #6 provided a written signed statement.

27.     That the aforementioned facts reflect Respondent's failure to provide personal supervision appropriate for its residents.

28.     The Agency determined that this deficient practice was a condition or occurrence related to the operation and maintenance of a provider or to the care of clients which directly threatened the physical or emotional health, safety, or security of the clients, other than class 1 violations.

007

Exhibit Q: AHCA Final Order

29.    That the same constitutes a Class II offense as defined in Florida Statute 429.19(2)(b) (2017).

             WHEREFORE, the Agency intends to impose an administrative fine in the amount

of five thousand dollars ($5,000.00) against Respondent, an assisted living facility in the State

of Florida, pursuant to § 429.19(2)(b), Florida Statutes (2017).

**COUNT II**

30.    The Agency re-alleges and incorporates paragraphs (1) through (5) as if fully set forth herein.

31.    That Florida law provides:

    RESIDENT BILL OF RIGHTS.-

    No resident of a facility shall be deprived of any civil or legal rights,
benefits, or privileges guaranteed by law, the Constitution of the State of
Florida, or the Constitution of the United States as a resident of a facility.
Every resident of a facility shall have the right to:

        Live in a safe and decent living environment, free from abuse and
        neglect.
        (b) Be treated with consideration and respect and with due recognition
        of personal dignity, individuality, and the need for privacy.
        …
        Section 429.28, Florida Statutes (2017).

32.    That based on interviews, the facility failed to honor the rights of 1 of 7 sampled residents

(Resident #6), to make personal choices and independent decisions regarding food.

33.    That on June 2, 2017, at or approximately 2:00 p.m., Petitioner's representative interviewed

Resident #6.  Resident #6 stated that a few weeks earlier, he/she was outside, in the facility's

driveway, when a friend from the local VFW came to the facility and brought him/her food.

34.    That Resident #6 explained that he/she was in the driveway holding the container of food when

the owner of the facility (husband of the Administrator) came outside and yelled at the resident.

35.    That Resident #6 stated the owner advised that he/she could not accept the food.

36.    That Resident #6 said the owner swung his arm at the container of food, knocked it to the

6

Exhibit Q: AHCA Final Order

ground, and then threw it in the garbage.

37.    That on June 2, 2017, at or approximately 2:30 p.m., Petitioner's representative interviewed the friend who brought the food for Resident #6. The friend explained that he brought food for Resident #6 from the VFW because Resident #6 normally ate lunch there and preferred to have lunch outside of the facility.

38.    That the resident's friend stated he witnessed the owner's verbal and physical aggression toward Resident #6.

39.    That the friend stated Resident #6 informed him that he/she was scared and did not want to remain at the facility.

40.    That on June 1, 2017, at or approximately 12:30 p.m., Petitioner's representative interviewed the Administrator who stated that Resident #6 got food from a friend who is a member of the local VFW. The Administrator explained that the facility did not allow Resident #6 to have the food because it posed a liability to the facility.

41.    That the aforementioned facts reflect the Respondent's failure to honor the rights of residents to make personal choices and independent decisions concerning food.

42.    The Agency determined that this deficient practice was a condition or occurrence related to the operation and maintenance of a provider or to the care of clients which directly threatened the physical or emotional health, safety, or security of the clients, other than class I violations.

43.    That the same constitutes a Class II offense as defined in Florida Statute 429.19(2)(b) (2017).

WHEREFORE, the Agency intends to impose an administrative fine in the amount of five thousand dollars ($5,000.00) against Respondent, an assisted living facility in the State of Florida, pursuant to § 429.19(2)(b), Florida Statutes (2017).

009
Exhibit Q: AHCA Final Order

## **COUNT III**

44. The Agency re-alleges and incorporates paragraphs (1) through (5), and Counts I and II as if fully set forth herein.

45. That pursuant to Section 429.19(7), Florida Statutes (2017), in addition to any administrative fines imposed, the Agency may assess a survey fee, equal to the lesser of one half of a facility's biennial license and bed fee or $500, to cover the cost of conducting initial complaint investigations that result in the finding of a violation that was the subject of the complaint or monitoring visits conducted under Section 429.28(3)(c), Florida Statues (2017), to verify the correction of the violations.

46. That Respondent was subject to the citation of one or more Class II deficient practices or the citation of a violation that was the subject of the complaint which requires the imposition of a survey fee pursuant to law. *See*, Section 429.28(3)(c), Florida Statues (2017).

47. That Respondent is therefore subject to a survey fee of three hundred fifty six dollars twenty seven cents ($356.27), pursuant to Section 429.19(7), Florida Statutes (2017).

        WHEREFORE, the Agency intends to impose a survey fee of three hundred fifty six dollars twenty seven cents ($356.27) against Respondent, an assisted living facility in the State of Florida, pursuant to § 429.19(10), Florida Statutes (2017).

        Respectfully submitted this _6th_ day of October, 2017.

010

Exhibit Q: AHCA Final Order

STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION

By: _____
Nicola Brown
Fla. Bar. No. 0492507
Agency for Health Care Admin.
525 Mirror Lake Drive N., 330H
St. Petersburg, FL 33701
727.552.1946 (office)
Nicola.Brown@ahca.myflorida.com

011
Exhibit Q: AHCA Final Order

## NOTICE

The Respondent is notified that it/he/she has the right to request an administrative hearing pursuant to Sections 120.569 and 120.57, Florida Statutes. If the Respondent wants to hire an attorney, it/he/she has the right to be represented by an attorney in this matter. Specific options for administrative action are set out in the attached Election of Rights form.

The Respondent is further notified if the Election of Rights form is not <u>received</u> by the Agency for Health Care Administration within twenty-one (21) days of the receipt of this Administrative Complaint, a final order will be entered.

The Election of Rights form shall be made to the Agency for Health Care Administration and delivered to: Agency Clerk, Agency for Health Care Administration, 2727 Mahan Drive, Building 3, Mail Stop 3, Tallahassee, FL 32308; Telephone (850) 412-3630.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Certified Mail, Return Receipt No. 7016 2140 0001 1591 9441 on October  6  , 2017, to Darina Talanga, Administrator for Villa Anna Assisted Living Facility, LLC, 363 Colonial Court, Dunedin, FL 34698, and by regular U.S. Mail to Adam S. Levine, M.D., J.D., Registered Agent for Villa Anna Assisted Living Facility, LLC, 1180 Gulf Boulevard, Ste. #303, Clearwater, FL 33767.

Nicola Brown, Esq.

Copy furnished to: Laura Manville
                   Field Office Manager

10

012

# Exhibit Q: AHCA Final Order

STATE OF FLORIDA
AGENCY FOR HEALTH CARE ADMINISTRATION

Re:   **VILLA ANNA ASSISTED LIVING FACILITY, LLC**    Case No.: 2017008121

### ELECTION OF RIGHTS

This Election of Rights form is attached to a proposed agency action by the Agency for Health Care Administration (AHCA). The title may be Notice of Intent to Impose a Late Fee, Notice of Intent to Impose a Late Fine or Administrative Complaint. Your Election of Rights may be returned by mail or by facsimile transmission, **but must be filed with the Agency Clerk within 21 days by 5:00 p.m., Eastern Time,** of the day that you receive the attached proposed agency action. **If your Election of Rights with your selected option is not received by AHCA within 21 days of the day that you received this proposed agency action, you will have waived your right to contest the proposed agency action and a Final Order will be issued.**

(Please use this form unless you, your attorney or your representative prefer to reply according to Chapter120, Florida Statutes, and Chapter 28, Florida Administrative Code.)

Please return your **Election of Rights** to this address:

    Agency for Health Care Administration
    Attention: Agency Clerk
    2727 Mahan Drive, Mail Stop #3
    Tallahassee, Florida 32308
    Telephone: 850-412-3630    Facsimile: 850-921-0158

11

013
Exhibit Q: AHCA Final Order

## PLEASE SELECT ONLY 1 OF THESE 3 OPTIONS

**OPTION ONE (1) _____ I waive the right to a hearing to contest the allegations of fact and conclusions of law contained in the Administrative Complaint.** I understand that by giving up my right to a hearing, a final order will be issued that adopts the proposed agency action and imposes the fine, sanction or other agency action.

**OPTION TWO (2) _____ I admit the allegations of fact contained in the Administrative Complaint, but wish to be heard at an informal hearing** (pursuant to Section 120.57(2), Florida Statutes) where I may submit testimony and written evidence to the Agency to show that the proposed administrative action is too severe or that the fine, sanction or other agency action should be reduced.

**OTION THREE (3) _ I dispute the allegations of fact contained in the Administrative Complaint and request a formal hearing** (pursuant to Section 120.57(1), Florida Statutes) before an Administrative Law Judge appointed by the Division of Administrative Hearings.

**PLEASE NOTE:** Choosing OPTION THREE (3), by itself, is **NOT** sufficient to obtain a **formal hearing.** You also must file a written petition in order to obtain a formal hearing before the Division of Administrative Hearings under Section 120.57(1), Florida Statutes. It must be received by the Agency Clerk at the address above **within 21 days** of your receipt of this proposed agency action. The request for formal hearing must conform to the requirements of Rule 28-106.2015, Florida Administrative Code, which requires that it contain:

1.    The name, address, telephone number, and facsimile number (if any) of the Respondent.
2.    The name, address, telephone number and facsimile number of the attorney or qualified representative of the Respondent (if any) upon whom service of pleadings and other papers shall be made.
3.    A statement requesting an administrative hearing identifying those material facts that are in dispute. If there are none, the petition must so indicate.
4.    A statement of when the respondent received notice of the administrative complaint.
5.    A statement including the file number to the administrative complaint.

Licensee Name: _____

Contact Person: _____ Title: _____

Address: _____
        Number and Street                        City                Zip Code

Telephone No. _____ Fax No. _____

12

014
Exhibit Q: AHCA Final Order

E-Mail (Optional) _____

I hereby certify that I am duly authorized to submit this Election of Rights to the Agency for Health Care Administration on behalf of the licensee referred to above.

Signed: _____ Date: _____

Print Name: _____ Title: _____

13

015
Exhibit Q: AHCA Final Order

STATE OF FLORIDA
AGENCY FOR HEALTH CARE ADMINISTRATION

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

      Petitioner,

v.

VILLA ANNA ASSISTED LIVING FACILITY, LLC,

      Respondent.

_____/

CASE NO.  17-391PH
AHCA NO.  2017008121

## RECOMMENDED ORDER OF DISMISSAL

On January 22, 2018, a Notice of Telephone Hearing and Order of Prehearing Instructions was issued in this cause. Included therein was a requirement that the parties submit a joint or unilateral prehearing stipulation on or before February 15, 2018. The Order provided that a failure to abide by the terms thereof could result in a dismissal of the request for hearing.

The Agency complied by filing a Unilateral Response. The Agency's Unilateral Response, at page one thereof, recites that the Agency's counsel "has attempted to contact Respondent regarding submission of a joint stipulation both by telephone and by mail, but has not received a response." The Respondent did not file a prehearing statement as directed in the Order of Prehearing Instructions.

On February 19, 2018, the undersigned issued an Order to Show Cause requiring the Respondent to show cause by 5:00 p.m., on Wednesday, February 28, 2018, why the sanction of dismissal for failure to file the required response, as set forth in the Order of Prehearing Instructions, should not be imposed. On February 27, 2018, Respondent, through its Administrator of record, Daringa Talanga, filed a document entitled Response To Show Cause

**EXHIBIT 2**  016

# Exhibit Q: AHCA Final Order

[sic] (the Response). The substance of the Response, in its entirety, asserts that "previous attorney/ registered agent failed to provide complete order including terms wherein respondent must respond with joint or unilateral response, please view 'Exhibit A' and 'Exhibit B'. On January 31st, 2018, respondent amended the corporate filings to the appropriate mailing address and registered agent to receive correspondence directly, please view 'Exhibit C'. Respondent failed to file any response in a timely manner due to insufficient order by previous attorney/registered agent." Emphasis added.

The three exhibits to the Response filed by Respondent, comprise 1) an undated part of an email from an apparent attorney telling Respondent to "remove [him] as Registered Agent and Notify AHCA of their correct address"; 2) a notice sent by Agency counsel on January 23, 2018, to Respondent at Respondent's address of record with the Agency and not to the attorney who sent the email of which an undated part became Respondent's Exhibit A, advising Respondent of the "Meet Me number" to call to participate in the hearing; and 3) the Respondent's 2018 Florida Limited Liability Company Annual Report, which states that Respondent's "current principal place of business" is 353 Colonial Court, Dunedin, Florida 34698, which is the address used consistency by the Agency throughout these proceedings.

The exhibits to Respondent's Response demonstrate that Respondent's address has not changed during the year prior to the filing of its annual report on January 31, 2018, and the notice of Meet Me number served by Agency counsel to Respondent at that address was sent to Respondent's established address of record. Notably, Respondent does not dispute that it received the notice of Meet Me number or the telephonic or written mail communication from Agency counsel requesting and suggesting that Respondent discuss preparation of a joint prehearing stipulation.

Exhibit Q: AHCA Final Order

Notably also, and dispositive of the issue here, is that Respondent has still not, after receiving the Order of Prehearing Instructions, the entree from Agency counsel to discuss a joint stipulation, and the Order to Show Cause issued by the undersigned, filed a statement providing the information described in the Order of Prehearing Instructions, as required thereby, as well as by the Order to Show Cause, long after the information was due to be filed.

By requesting an Informal Hearing, the Petitioner has admitted all material facts. It therefore has the burden to produce evidence to show that the Agency's action should be mitigated. The Petitioner was properly noticed at its address of record of the proceedings that Petitioner requested herein, and the hearing date and time, as well as the requirement and obligation to timely file a prehearing statement in the form described, and of the Meet Me number to call to participate in the hearing. The Respondent's response to the Order to Show Cause includes no clear, coherent explanation for failing to file the required statement after multiple opportunities were provided. It only includes a vague reference to a "previous attorney/registered agency [who] failed to provide complete order [sic]" however no attorney has ever filed a notice of appearance in this matter, or any paper on behalf of the Respondent, and the Election of Rights form filed by Respondent, which requested the instant hearing, designated Respondent's Administrator, Darina Talanga, as the party to whom notices and papers regarding the hearing were to be sent, not an attorney. Respondent's implied claim that the Agency routinely sent papers in this matter to an attorney who failed to forward them, or complete copies of them, is not credible in light of the record.

It is clear that the Petitioner was provided every opportunity required by basic principles of due process to participate in the proceedings, including the opportunity to remedy the failure to timely file a prehearing statement, and has failed to do so.

3

018

Exhibit Q: AHCA Final Order

Based on the record, the Petitioner has failed to participate in the proceedings as directed on multiple occasions. This fundamental failure to participate and to comply in any directed manner with procedural requirements, warrants dismissal of the Petitioner's request for Informal Proceedings and remand of this cause to the Agency for entry of a Final Order for the relief sought.

**IT IS THEREFORE ORDERED** that the hearing scheduled for March 15, 2018, is cancelled and this matter is hereby relinquished to the Agency, and

**IT IS RECOMMENDED** that Petitioner's request for informal hearing be dismissed, and that a Final Order be entered upholding the Agency's Administrative Complaint, and imposing the sanctions sought to be imposed therein.

**DONE AND ORDERED** at Tallahassee, Leon County, Florida, this _1_ day of March, 2018.

Warren J. Bird, Esquire
Informal Hearing Officer
Agency for Health Care Administration
2727 Mahan Drive, MS-7
Tallahassee, Florida 32308

Copies furnished to:

Nicola Brown, Esquire
Agency for Health Care Administration
525 Mirror Lake Drive North
The Sebring Building, Suite 330
St. Petersburg, Florida 33701
(Interoffice Mail)

Darina Talanga, Administrator
Villa Anna Assisted Living Facility, LLC
353 Colonial Court
Dunedin, Florida 34698
(727) 239-0658
(U.S. Mail)

4

019
Exhibit Q: AHCA Final Order