UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:
ZDRAVKO TALANGA and                        Case No.: 8:17-bk-09357-MGW
DARINA TALANGA                             Chapter 7
        Debtors,
_____/

**CYGRAM HERITAGE'S MOTION TO CONFIRM THAT THE AUTOMATIC STAY DOES NOT APPLY TO DEBTORS CHILDREN, ANNA AND IVAN TALANGA, OR TO ELITE HOLDINGS, LLC., OR ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY FOR ANNA AND IVAN TALANGA AND ELITE HOLDINGS, LLC.**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party of interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of Court at United States Bankruptcy Court, Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 727, Tampa, Florida 33602-3899 and serve a copy on the movant's attorney, Adam S. Levine, M.D., J.D., 1180 Gulf Boulevard, Suite 303, Clearwater, Florida 33767, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and may grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Through undersigned and pursuant to §362(d)(1) of the Bankruptcy Code[1], Creditor

Cygram Heritage LLLP., files this Motion to confirm that the Automatic Stay Does not Apply to

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§101 *et seq*. All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

1

Debtors' children Anna and Ivan Talanga, or to Elite Holdings, LLC., or alternatively for Relief of Automatic Stay because: Debtors only potentially possess an equity interest in Elite Holdings, LLC; and neither Anna Talanga nor Ivan Talanga nor Elite Holdings LLC., are Party to the above-captioned Chapter 7 Petition; and state:

## Factual Background

1. In this proceeding, and in a separately filed Adverse Proceeding (8:18-ap-00049-MGW), Cygram Heritage, LLLP is a Creditor.

2. Together with Elite Holdings, LLC., Cygram Heritage, LLLP jointly owned and operated several business entities including: Anna Dunedin Realty, LLC; Sophia Highland Realty, LLC; Elite Car Sales, LLC; Elite Car Sales of Clearwater, Inc; and Elite Financial Edge, LLC.

3. In all cases, Cygram Heritage, LLLP possessed the majority ownership interest of each business interest.

4. As confirmed by Sunbiz filings and the Debtors' testimony at the four #341 hearings, Elite Holdings is owned by Debtors (70%) and Anna Talanga and Ivan Talanga (15% each). See Exhibits H (Sunbiz filing for Elite Holdings) and R (Statement of Authority).

5. Because of allegedly improper activity, Cygram Heritage caused Elite Financial Edge, LLC to sue Elite Holdings, LLC., Debtors, Anna Talanga, and Ivan Talanga in State Court. See *Elite Financial Edge, LLC., et al.,* v. *Zdravko Talanga, et al.,* case number 2017-CA-000681-CI, Pinellas County, Florida.

6. This lawsuit was resolved by a Settlement Agreement. See exhibit D.

2

7. According to the terms of the Settlement Agreement, Anna Talanga, Ivan Talanga, the Debtors, and Elite Holdings were each jointly and severally liable to fulfill its terms.

8. And Anna Talanga, Ivan Talanga, the Debtors, and Elite Holdings have each now defaulted on the Settlement Agreement.

9. As part of this Settlement Agreement, Cygram Heritage is permitted to enforce its terms.

10. At this time, Cygram Heritage desires to sue Anna and Ivan Talanga along with Elite Holdings, LLC. for their default upon the Settlement Agreement.

11. Importantly, neither Debtors children, Anna and Ivan Talanga, nor Elite Holdings, LLC., are not party to the Chapter 7 Petition.

12. And, although listed as possessing an Active Status on Sunbiz, Elite Holdings last filed its annual report in January 2017 and may no longer actually be authorized to conduct business in Florida. See Exhibit B.

13. Creditors recognize that they cannot, at this time, proceed against Debtors because of the Automatic Stay.

14. But Creditors should certainly be able to proceed against Anna Talanga, Ivan Talanga, and Elite Holdings, LLC, for default of the Settlement Agreement terms including the $1,169,100.00 promissory note it contains and foreclosure upon the four properties for which the Debtors, Anna Talanga, and Ivan Talanga executed mortgages for.

15. Out of an overabundance of caution, because of Debtors past claims and actions, Cygram Heritage, LLLP seeks a prophylactic order from this Court documenting that neither Anna Talanga, Ivan Talanga, nor Elite Holdings, LLC., are subject to any Bankruptcy Automatic Stay arising from the above-captioned petition.

16. Alternatively, Cygram Heritage respectfully requests that if the Court determines the Automatic Stay applies to either all or part of Anna Talanga, Ivan Talanga, and Elite Holdings, LLC., that the Court consider this a Motion pursuant to Rule 4001(a) to modify the Automatic Stay provision of §362 of the Bankruptcy Code because:

    a. Since January 1, 2017, as a member of Anna Dunedin Realty, LLC., Sophia Highland Realty, LLC., Elite Car Sales of Clearwater, Inc., Elite Car Sales, LLC., and Elite Financial Edge, LLC., Elite Holdings, LLC., has paid none of its share of any expenses, business losses, or taxes.

    b. Elite Holdings, LLC., Anna Talanga, and Ivan Talanga entered into a Settlement Agreement with Cygram Heritage LLLP on June 29, 2017 and have been in default since that time.

    c. Any Automatic Stay related to Anna Talanga, Ivan Talanga, or Elite Holdings, LLC., should be lifted because they were not listed as parties to the chapter 7 filing.

    d. Anna Talanga, Ivan Talanga, and Elite Holdings, LLC are not providing adequate support to the owned business entities by failing to pay their share of debts, expenses, and taxes.

    e. At this point, by operation of the Operating Agreements, cross-collateralization of funds, and Settlement Agreement first requiring repayment of a 2-million-dollar loan to Hancock Bank, Debtors likely possess no equity in Elite Holdings, LLC., or in their children Anna Talanga and Ivan Talanga.

## Argument

17. Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest … the court shall grant relief from the stay provided under subsection (a) of this section,

4

such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

18. In determining "cause" under section 362 of the Bankruptcy Code, the Court must examine the totality of the circumstances of a case. *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001). The totality of the circumstances encompasses, among other things, how the parties have conducted themselves, their good or bad faith, and their motives, including prepetition and post petition conduct. *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006). In determining the whether the automatic stay should be terminated, the Court should balance the prejudice to the debtor against the hardship to the moving party. *Aloisi*, 261 B.R. at 508.

19. Given the totality of the circumstances, Cygram respectfully requests that this Court recognize that Cygram has paid all business expenses on behalf of Anna Dunedin Realty, Sophia Highland Realty, Elite Car Sales, Elite Car Sales of Clearwater, and Elite Financial Edge in the absence of any contribution from Debtors, Anna Talanga, Ivan Talanga, or Elite Holdings, LLC, for over 20 months and set aside an Automatic Stay if it was found to exist for non-parties Anna Talanga, Ivan Talanga, and Elite Holdings, LLC.

20. Respectfully, because of the significant debt already incurred by Creditor Cygram Heritage, because this debt continues to increase, because an existing mortgage on the property must be paid, and because the ability to sell or dispose of the property will be hindered if the property cannot be entered and the tenants evicted in a timely fashion, Creditors respectfully request that this Court waive the 14 day stay period pursuant to Bankruptcy Rule 4001(a)(3).

## Request for Relief

21. Cygram Heritage respectfully seeks entry of an order indicating that neither Anna Talanga, nor Ivan Talanga, nor Elite Holdings, LLC., are subject to any Automatic Stay arising out of this Bankruptcy Petition.

22. Pursuant to Bankruptcy Rule 4001(a), Cygram Heritage LLLP., respectfully requests that the Court modify any automatic stay provisions of the Bankruptcy Code and waive the 14 day stay period if the court finds that the Automatic Stay applies.

## Certificate of Service

I HEREBY CERTIFY that on August 21, 2018, I electronically filed a true and correct copy* of this Motion with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, and the motion was furnished via the Court's CM/ECF system to all parties who receive notices of electronic filing in connection with this case.

I HEREBY FURTHER CERTIFY that on August 21, 2018, I served a true and correct copy of the motion via first class Unites States mail, postage prepaid, to the following parties:

Debtor*1925 Dolphin Drive, Belleair Bluffs, Florida 33770; having already served Debtor's Attorney via CM/ECF.

Also served*were all parties on the attached mailing matrix who did not receive service via the Court's CM/ECF system

**\*Exhibits were served only via CM/ECF. Because the Exhibits were voluminous, Exhibits were not served with the motion but will be provided electronically on demand to E-mail requests directed to undersigned aslevine@msn.com**

**Respectfully Submitted on this 21st day of August 2018**

                                  **The Florida Legal Advocacy Group of Tampa Bay**
                                     /s/  *Adam S. Levine*
                                  Adam S. Levine, M.D., J.D.
                                  Florida Bar #78288
                                  1180 Gulf Boulevard, Suite 303, Clearwater, Florida 33767
                                  (727)512 – 1969 [Telephone]
                                  (866)242 – 4946 [Facsimile]
                                  aslevine@msn.com [Primary E-mail]
                                  alevine@law.stetson.edu [Secondary E-mail]
                                  Attorney for Creditors Anna Dunedin Realty, LLC., and Cygram Heritage LLLP.