IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                    Case No.: 8:17-bk-09357-MGW
                                                                          Chapter 7
ZDRAVKO TALANGA and
DARINA TALANGA,

Debtors.
_____/

**DEBTORS' OBJECTION TO**
**CYGRAM HERITAGE'S MOTION FOR RELIEF FROM STAY**

COME NOW, the debtors, Zdravko Talanga and Darina Talanga (the "Debtors"), by and through their undersigned counsel, and file this Objection to Cygram Heritage's Motion for Relief From Stay ("**Motion**") (Doc. No. 118) and in support thereof state:

1.  On November 2, 2017 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.  Cygram Heritage's ("**Cygram**") Motion was filed on August 21, 2018, purportedly pursuant to Local Rule 2002-4 Negative Notice Procedure.

3.  Cygram's Motion fails to comply with Local Rule 2002-4 in that it was not served on the matrix of creditors and interested parties.[1]

4.  Without proper service on the targets of the Motion, the Debtors' children and Elite Holdings, LLC received no notice of the Motion. The Motion should be denied on this basis alone.

5.  The Motion also makes reference to Exhibits B, D, H and R. The Motion had five attachments. Doc. Nos. 118-1, 118-2, 118-3 and 118-4 appear to be a Settlement Agreement

---

[1] The Motion's Certificate of Service states: "Also served* were all parties on the attached mailing matrix who did not receive service via the Court's CM/ECF system (*sic*)". A review of the docket in this case reflects that the Motion filed at Doc. No. 118 had five exhibits, none of which were the matrix.

referenced as Exhibit D. Doc. No. 118-5 bears a label "Exhibit B" but is a copy of a complaint filed in state court, not a Sunbiz report as referenced in the Motion. The Motion, as filed, did not include Exhibits B, H and R.

6. The Motion is therefore incomplete, and this Court should deny relief.

7. In Paragraph 14, page 3 of the Motion, the "Creditors" (presumably Cygram) state an intention to pursue "foreclosure upon the four properties for which the Debtors, Anna Talanga, Ivan Talanga executed mortgages for.". Upon information and belief, one of the properties is the Debtors' homestead, yet the motion states that Cygram only intends to pursue Anna Talanga, Ivan Talanga and Elite Holdings, LLC. To the extent that Cygram is requesting relief from stay to pursue a foreclosure on the Debtors' homestead, the Motion should be denied.

8. The Motion requests that the Court waive the 14 day stay period pursuant to Bankruptcy Rule 4001(a)(3). Cygram has not set forth any exigent facts or circumstances to justify a waiver of the stay period. Given the totality of the circumstances, the request to waive the 14 day stay period should be denied so that Anna Talanga, Ivan Talanga and Elite Holdings, LLC have an opportunity to consult with legal counsel to determine their rights.

WHEREFORE, the Debtors respectfully request that the Court Deny the Motion and grant such other and further relief as is just.

DONICA LAW FIRM, P.A.
Counsel for Debtors
307 South Boulevard, Suite D
Tampa, FL  33606
Telephone:  (813) 878-9790
Facsimile:  (813) 878-9746
E-mail:  herb@donicalaw.com

 /s/ Herbert R. Donica
Herbert R. Donica, Esq.
Florida Bar No. 841870

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail or the Court's CM/ECF System on the 11th day of September, 2018 to: Adam S. Levine, Esq., 1180 Gulf Boulevard, Suite 303, Clearwater, FL 33767; Allan C. Watkins, Esq., Watkins Law Firm, P.A., 707 N. Franklin Street, Suite 750, Tampa, FL 33602; Carolyn R. Chaney, Chapter 7 Trustee, PO Box 530248, St. Petersburg, FL 33747; and the Assistant U.S. Trustee, 501 E. Polk St., Suite 1200, Tampa, FL 33602.

/s/Herbert R. Donica
Herbert R. Donica, Esq.