UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                         CASE NO. 8:17-bk-09357-MGW
                                                               CHAPTER 7
ZDRAVKO TALANGA and
DARINA TALANGA,

        Debtors.
_____/

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

        Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

        If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the movant's attorney, David S. Delrahim, Esq., Englander Fischer, 721 First Avenue North, St. Petersburg, Florida 33701, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

        If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**DEFENDANTS/DEBTORS' MOTION FOR
ORDER APPROVING COMPROMISE OF CONTROVERSY**

        Debtors, ZDRAVKO TALANGA and DARINA TALANGA (collectively "*Debtors*"), by and through her undersigned counsel, pursuant to Rules 2002(a)(3) and 9019 of the Federal Rules of Bankruptcy Procedure and Local Rule of Bankruptcy Procedure 2002-4 hereby move this Court for the entry of an order approving their compromise with Elite Financial Edge, LLC, Elite Car Sales, LLC, Elite Car Sales of Clearwater, Inc., Anna Dunedin Realty, LLC, Sophia Highland

Realty, LLC, Pat Margas, Helen Vasiloudes, Panayiotis Vasiloudes, Cygram Heritage, LLP and Cygram Holdings, LP (collectively "Creditors") as it relates to Creditors' Corrected Amended Complaint filed in Adversary Proceeding (Case No. 8:18-ap-00049-MGW; Adv. Pro. Doc. 43) and in support thereof state as follows:

1. The Debtors are debtors under Chapter 7 of the United States Bankruptcy Code ("the Code").

2. Creditors filed an action against Debtors for denial of discharge under Section 523 of the United States Bankruptcy Code.

3. In order to avoid the cost and uncertainty of litigation, the parties have agreed to a settlement agreement attached hereto as **Exhibit A** to be approved by this Court.

4. The Settlement Agreement in pertinent part assists the parties to separate ties and provide releases of claims against one another in the broadest sense possible.

WHEREFORE, the Debtors, hereby respectfully request that this Court enter an order: (i) granting this Motion and approving the Settlement between the Parties as set forth in the Settlement attached hereto as Exhibit "A"; and (ii) direct the parties to comply with the terms of the Settlement Agreement; and (iii) reserve jurisdiction to enforce the terms of the Settlement Agreement.

Dated: May 14, 2019.

>*/s/ David Delrahim*
>DAVID S. DELRAHIM
>Florida Bar No. 66368
>Englander Fischer
>721 First Avenue North
>St. Petersburg, FL 33701
>Telephone: (727) 898-7210
>Facsimile:  (727) 898-7218
>E-Mail:  ddelrahim@eflegal.com
>Attorney for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of May, 2019, a copy of the foregoing was served, by certified U.S. Mail and/or electronically through the Court's CM/ECF system, upon:

All interested parties on the mailing matrix.

*/s/ David S. Delrahim*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                             CASE NO. 8:17-bk-09357-MGW
                                                   CHAPTER 7
ZDRAVKO TALANGA and
DARINA TALANGA,

      Debtors.
_____/

ELITE FINANCIAL EDGE, LLC, et. at.,
                                                   ADV. NO.: 8:18-ap-00049-MGW
      Plaintiffs,

v.

DARINA TALANGA and
ZDRAVKO TALANGA,

      Defendants.
_____/

## MEDIATED SETTLEMENT TERM SHEET

    On May 2, 2019, Roy S. Kobert served as the mediator ("Mediator") selected by the agreement of the Parties. In attendance were the Parties identified in the signature blocks at the end of this document. As a result of the face to face mediation session, Zdravko Talanga and Darina Talanga, Anna Talanga, Ivan Talanga, Elite Holdings, LLC, and the Talanga Family Irrevocable Trust (collectively "Debtors/Defendants"), along with Elite Financial Edge, LLC, Elite Car Sales, LLC, Elite Car Sales of Clearwater, Inc., Anna Dunedin Realty, LLC, Sophia Highland Realty, LLC, Pat Margas, Helen Vasiloudes, Panayiotis Vasiloudes, Cygram Heritage, LLLP and Cygram Holdings, LP (collectively "Plaintiffs"), (Plaintiffs and Defendants being "the Parties"), reached the following mediated result:

    1.    This Mediated Settlement Term Sheet Agreement ("Agreement") is being entered into for the specific purpose of reaching a tentative resolution, pending only court approval, of the issues between the Parties in this above-styled adversary proceeding ("Lawsuit") without

                                                                         _PV_ _DT_

1

\29602\66 - RKOBERT - # 13535858 v1
5/2/19 6:27 PM

**Exhibit "A"**

having to undertake the expense, time and attendant risks inherent in litigation to adjudicate the respective claims, counterclaims and defenses raised or that could have been raised by the Parties.

2. **Consideration**. In addition to the consideration provided to each respective Party set forth herein, the Parties shall exchange the following consideration in connection with this Agreement:

  a. Plaintiffs transfer to Darina Talanga their entire ownership interest in Villa Anna Assisted Living Facility, LLC which shall cause Darina Talanga to be the 100% sole owner of Villa Anna Assisted Living Facility, LLC.

  b. Defendants transfer to Cygram Heritage LLLP their 1/3% ownership interest in Elite Financial Edge LLC which would cause Cygram Heritage LLLP to be the 2/3% owner of Elite Financial Edge LLC.

  c. Defendants transfer to Cygram Heritage LLLP their entire ownership interest in Anna Dunedin Realty, LLC which would cause Cygram Heritage LLLP to be the 100% sole owner of Elite Financial Edge LLC.

  d. Plaintiffs claim to be owed $3,000,000 in economic damages by Darina Talanga and Zdravko Talanga. Defendants will not object to Plaintiffs' $3,000,000 claim. The Parties agree that this and all other debt claimed by Plaintiffs against Defendants is hereby discharged as a result of this bankruptcy and Court's Discharge in Case No. 8:17-bk-09357-MGW.

  e. Within 15 days of the Bankruptcy Court approving this Agreement, Plaintiff shall dismiss the adversary proceeding, all state court proceedings by Plaintiffs against Defendants and all counter claims by Defendants against Plaintiffs.

  f. The Parties shall bear all their own fees and costs.

3. **Tax Treatment.** The Parties do not warrant any tax treatment. Each Party is responsible for declaring each respective Parties' own tax treatment. All Parties are obligated to accurately report all economic treatment relating to the other Parties consistent with this Agreement.

2



4.      **Covenant Not to Sue or File Other Actions**. With the exception of the Lawsuit, the Parties hereby represent, warrant and covenant that the Parties have not filed or initiated and will not, directly or indirectly through champerty and maintenance, file or initiate any other lawsuits, complaints, petitions, adversary actions or other actions or proceedings (legal, administrative, or otherwise) against the other Party and that the Parties have no other pending lawsuits, complaints, actions or proceedings against any other Parties relative to the matters at issue or that could have been at issue in the Lawsuit.

5.      **Confidentiality.** The Parties agree to keep this Agreement confidential, provided, however, that the Parties may make such disclosure to their respective professional representatives (e.g., attorneys, accountants, auditors, tax preparers), if any, all of whom will be informed of and agree to be bound by this confidentiality clause, or may make such disclosure as required by law, such as in response to a governmental and/or regulatory inquiry, or in response to a subpoena, or as evidence of any required proof of release. The Parties agree that the Debtors will file this Agreement on or before May 13, 2019, failing that the Plaintff(s) shall file this Agreement.

6.      **Non-disparagement.** The Parties agree that they will not make derogatory or disparaging statements about the other Parties including any facts, acts, or omissions from which the Lawsuit arose, in writing or verbally, to third parties about each other or each other's affiliate companies, and/or each other's employees, officers, directors, clients or attorneys. Nothing in this provision is intended to prohibit any Party from providing truthful testimony as may be required by subpoena or law.

6.      **Mutual Release**. In consideration of the payments and actions called for herein, each of the Parties, on behalf of themselves and their respective predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, shareholders, agents, employees, servants, attorneys and representatives, as well as the respective heirs, personal representatives, successors and assigns of any or all of them, fully, finally and forever release, acquit and discharge the other Parties and any affiliated company of the respective party and the children of each respective Party, their respective predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, shareholders, agents, employees, servants, attorneys and law firms

3



(including but not limited to Adam Levine, Florida Legal Advocacy Group of Tampa Bay, David Delrahim and Englander Fischer) and representatives, as well as the respective heirs, personal representatives, successors and assigns of any or all of them, of and from any and all claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, in contract or in tort, at law or in equity, from the beginning of time to the date of this Agreement, which the Parties ever had, now have, may have, or claim to have, against each other, including but not limited to claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities of any kind arising out of or related to the Lawsuit and the facts, acts, or omissions that are the subject of the Lawsuit. Except that nothing herein will prohibit or release anyone other than the Defendants from loans owed to Elite Financial Edge, LLC. Any and all liens, judgement liens, mortgages, or encumbrances taken by Plaintiff(s) and against Defendant(s) shall be dissolved, satisfied, or otherwise removed by plaintiff within 15 days of the settlement being approved by the Court.

7. Nothing herein constitutes an admission by any party. The Parties agree that they are affirmatively bound by the terms of this Agreement and shall act in conformity therewith pending entry of an Order approving this Agreement, unless or until this Agreement is not approved in the proceeding.

8. This Agreement and all communications between the Parties related to this Agreement shall be subject to the mediation confidentiality provisions.

9. This Agreement shall be binding upon the Parties and their successors and assigns and sets forth the economic terms of the Agreement. The Mediator shall remain responsible for mediating any disputes over the interpretation of this Agreement prior to any request for adjudication by presiding Judge.

10. The Parties may execute this Agreement in counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement.

11. Each of the Parties shall, upon reasonable request, execute, procure, and/or deliver in favor of all of the other party any documents as are necessary to effectuate the intent of


_PV  _DT

the Parties in connection with all terms and conditions of this Agreement. The Parties agree that the Court shall reserve jurisdiction to enforce the terms and conditions of the Agreement.

12. This Agreement contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Agreement. This Agreement may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means. Each Party waives any right to claim that this Agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

13. All matters affecting the execution, interpretation, validity and enforceability of this Agreement shall be subject to, and interpreted under, the laws of the State of Florida.

14. This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof. The fact that any draft of this Agreement was prepared by the Mediator with mere participation of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against any Party. The Parties acknowledge that each has contributed toward the drafting of this Agreement and that this Agreement is the result of negotiations between the Parties before the Mediator.

15. The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either Party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision or condition hereof.

16. The Parties acknowledge that each fully understands all of the terms and obligations of this Agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

17. The Parties enter into this Stipulation freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud or coercion in entering this this Agreement.

_____ PV  _____ DT

5

\29602\66 - RKOBERT - # 13535858 v1
5/2/19 6:27 PM

18. All Parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also aware of what their rights would be in the absence of this Agreement.

19. This Agreement shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of heirs, assigns, personal representatives, and successors of the respective Parties.

20. Each Party to this Agreement represents that it is duly authorized to execute this Agreement and that the Parties through whom each Party executes this Agreement are fully and duly empowered and authorized to execute same on the respective Party's behalf.

_____  Dated: MAY 2, 2019
Roy S. Kobert
Florida Supreme Court Certified Mediator # 36341-R


Elite Financial Edge, LLC

_____  Dated: MAY 2, 2019
By: Panayiotis Vasiloudes as authorized member


Elite Car Sales, LLC

_____  Dated: MAY 2, 2019
By: Panayiotis Vasiloudes as authorized member


Elite Car Sales of Clearwater, Inc.

_____  Dated: MAY 2, 2019
By: Panayiotis Vasiloudes as authorized shareholder

                                           ___PV  ___DT

6

Anna Dunedin Realty, LLC

_____   Dated: MAY 2, 2019
By: Panayiotis Vasiloudes, as an authorized member


Sophia Highland Realty, LLC

_____   Dated: MAY 2, 2019
By: Panayiotis Vasiloudes, as authorized member


_____   Dated: MAY 2, 2019
Pat Margas
By: Adam Levine, Esq. as Power of Attorney for Pat Margas


_____   Dated: MAY 2, 2019
Helen Vasiloudes
By: Adam Levine, Esq. as Power of Attorney for Helen Vasiloudes


_____   Dated: MAY 2, 2019
Panayiotis Vasiloudes


_____   Dated: _____
Zdravko Talanga, an individual


_____   Dated: 5-2-2019
Darina Talanga, an individual

                                         PV    DT

7

\29602\66 - RKOBERT - # 13535858 v1
5/2/19 6:27 PM

_____    Dated: 5-2-19
David Delrahim, Esq.
Attorney for Zdravko Talanga and
Darina Talanga



Elite Holdings, LLC
_____    Dated: 5-2-19
By: Darina Talanga as authorized member



Talanga Family Irrevocable Trust
_____    Dated: 5-2-19
By: Darina Talanga as Trustee



_____    Dated:_____
Anna Talanga



_____    Dated:_____
Ivan Talanga



8                                    ___PV  ___DT

\29602\66 - RKOBERT - # 13535858 v1
5/2/19 6:27 PM

_____    Dated: 5-2-19
David Delrahim, Esq.
Attorney for Zdravko Talanga and
Darina Talanga


Elite Holdings, LLC

_____    Dated: 5-2-19
By: Darina Talanga as authorized member


Talanga Family Irrevocable Trust

_____    Dated: 5-2-19
By: Darina Talanga as Trustee


_____    Dated: 5-2-19
Anna Talanga


_____    Dated: 05-02-19
Ivan Talanga