UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ZDRAVKO TALANGA and
DARINA TALANGA,

       Debtors.

_____ /

ELITE FINANCIAL EDGE, LLC et. al.

       Plaintiffs,

V.

ZDRAVKO TALANGA and
DARINA TALANGA,

       Defendants.

Case No. 8:17-bk-09357-MGW

Chapter 7

Adversary Proceeding:
Case No. 8:18-ap-00049-MGW

## OBJECTION TO DEFENDANTS/DEBTORS' AMENDED MOTION TO APPROVE COMPROMISE OF CONTROVERSY OR SETTLEMENT AGREEMENT

COMES NOW, the PARC INVESTMENT SERVICES CORP herein, and by and through its undersigned counsel objects to the Amended Motion to Approve Compromise of Controversy or Settlement Agreement (Doc. No, 155) pursuant to Rule 9019 and in support states as follows:

**General Background**

1.    This is a voluntary individual Chapter 7 case filed by the Debtors on November 2, 2017.

2.    Two adversary actions are pending in this case, namely:

    a.  Elite Financial Edge, LLC, et. al v. Darina & Zdravko Talanga (18-ap-00049-MGW); and

      b.  Parc Investment Services Corp. v. Darina & Zdravko Talanga (18-ap-00278-MGW)

3.  After the conclusion of a court-ordered mediation session, Debtors filed a Motion to approve a Mediated Settlement Term Sheet ("the Settlement") which is attached as Exhibit A to the Debtors' Motion.

4.  The Settlement is signed by the following persons or entities all of whom were apparently parties to the mediation session:

      a.  Elite Financial Edge, LLC, by Panayiotis Vasiloudes as authorized member;
      b.  Elite Car Sales, LLC, by Panayiotis Vasiloudes as authorized member;
      c.  Elite Car Sales of Clearwater, Inc., by Panayiotis Vasiloudes as authorized member;
      d.  Anna Dunedin Realty, LLC by Panayiotis Vasiloudes as authorized member;
      e.  Sophia Highland Realty, LLC by Panayiotis Vasiloudes as authorized member;
      f.  Pat Margas, by Adam Levine, Esq. as Power of Attorney;
      g.  Helen Vasiloudes by Adam Levine, Esq., as Power of Attorney;
      h.  Panayiotis Vasiloudes individually;
      i.  Zdravko Talanga, individually;
      j.  Darina Talanga, individually;
      k.  David Delrahim, Esq., attorney for Debtors;
      l.  Elite Holdings, LLC, by Darina Talanga, as authorized member;
      m.  Talanga Family Irrevocable Trust, by Darina Talanga, as Trustee;
      n.  Anna Talanga, individually;
      o.  Ivan Talgana, individually.

5.  The Settlement purports to resolve issues in controversy with respect to the bankruptcy case as well as related Adversary No. 18-ap-00049-MGW which is a Complaint to object to the Debtors' discharge under Sections 523 and also 727.

6.  PARC INVESTMENT SERVICES CORP was not invited to, nor was it a party to, the mediation session and upon information and belief, neither was the Chapter 7 trustee or her legal counsel, Allan Watkins.

2

7.      The Settlement is not in the best interest of the Debtors' estate or its creditors and should therefore be rejected.

### The settlement would allow an impermissible transfer of estate assets, namely the non-exempt business interests of the Debtors

8.      According to the Debtors' Schedules, they own a 33% interest in Elite Financial Edge, LLC and a 49.9% interest in Anna Dunedin Realty (the "Business Interests." See attached Exhibit 1.

9.      The Business Interests are not exempt and are the property of the bankruptcy estate.

10.     The Business Interests have not been appraised and their value is listed as unknown on the Debtors' schedules.

**11.**     Paragraph 2 of the Settlement seeks to allow Debtors to transfer the Business Interests to Cygram Heritage LLLP which is a Plaintiff in the adversary action.

**12.**     The assets to be transferred are all of the Business Interests, specifically the Debtors' one-third interest in Elite Financial Edge, LLC and their entire ownership interest in Anna Dunedin Realty, LLC.

**13.**     No authorized individual for Cygram Heritage LLLP executed the Mediated Settlement Term Sheet.

**14.**     It is unknown which individual or individuals are acting on behalf of Cygram Heritage LLLP, and it is unclear what role it has in the adversary, or what its exact relationship is to the Debtors.

**15.**     Debtors' falsely listed Cygram Heritage LLLP as an unsecured creditor on their sworn Schedule F, yet they are well aware that it holds a $1,169,000 mortgage on Debtors' primary residence.

**16.**     Even more fascinating, the primary residence is only worth $450,000 according to the Debtors' sworn Schedules.

**17.**     The Mortgage document granting a lien to Cygram Heritage, LLLP is attached as Exhibit 2 and it cannot be overlooked that it was executed by the Debtors on June 29, 2017, and recorded on September 22, 2017, *merely six weeks before the bankruptcy filing*.

**18.**     What isclear is that the Debtors have had numerous business dealings, partnerships, and shared equity over the years with several of the Plaintiffs in the adversary action 18-ap-00049-MGW.

**19.**     The lack of transparency with regard to Cygram Heritage LLLP alone should give this Court pause about this deal; that coupled with the fact that the Debtors now seek to transfer significant estate assets into this mysterious entity is very suspicious.

**20.**     Regardless of the smoke and mirrors, the Debtors' business interests in Elite Financial Edge LLC and Anna Dunedin Realty LLC are part of the bankruptcy estate, and they should be liquidated fairly through a public auction process with notice and opportunity to all interested parties to bid.

**The settlement affects unfairly the rights of unsecured creditors with regard to the cause of action against Adam Levine, Esq. and the Florida Legal Advocacy Group of Tampa Bay**

21.     The Debtors disclosed a potential cause of action (the "COA") against their former attorney, Adam Levine, Esq. in their original Schedule B and they listed the value as unknown.

22.     The COA allegedly arises from "professional liability and/or breach of duty claims."

23.     The COA is not exempt and is therefore the property of the bankruptcy estate.

24.    On February 6, 2019, the Trustee noticed up a sale of 50% of the COA to the Debtors, and with remaining portion the property of the estate.  The Report And Notice of Intent to Sell Estate Assets is attached as Exhibit 3.  The Negative notice period on said pleading has expired and there have not been any objections filed.

**25.**    Debtors now move for approval  of a Settlement which purports to resolve all pending and future claims between all of the parties involved, and it specifically releases Adam Levine and his law firm, the Florida Legal Advocacy Group of Tampa Bay.

**26.**    According to the Trustee, it is believed that the value of the COA is substantial and the likelihood of recovery is good, and it is therefore in the best interest of the estate to pursue same for the benefit of the unsecured creditors.

**27.**    As the Trustee, her legal counsel and PARC INVESTMENT SERVICES CORP. (an unsecured creditor) did not participate in the mediation or the Settlement, this Court should not allow the Debtors to affect their rights with regard to the COA.

**28.**    Allowing the Debtors to waive their 50% interest in the COA and to indemnify Adam Levine under the purported terms of the Settlement would be a recipe for disaster, as it would effectively block the Trustee from pursuing the COA specifically because:

   a.  Upon information and belief the COA involves legal malpractice and/or breach of fiduciary duties owed by Adam Levine to the Debtors**;**
   b.  In light of the above, the Debtors would be critical witnesses and heavily involved in the litigation;
   c.  The Settlement contains strong language which the Debtors would violate should they assist the Trustee with the COA;
   d.  It would be unrealistic for the Trustee to expect the Debtors' full cooperation with the prosecution of the COA if the Court approves this Settlement.
   e.  In fact there are most likely attorney-client privileges which the Debtors will use to actively thwart the COA if the Court approves the Settlement.

29.    The Settlement should be rejected because if it is not, the COA which is a substantial estate asset, will be uncollectible and the estate will be deprived of funds.

**The Court should not approve this Settlement under 9019 because it is not in the best interest of the estate or the creditors and it is not fair or equitable**

30. This Court should not approve the Settlement unless it finds that it is fair and equitable and in the best interest of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

31. While the Settlement appears wonderful on its face to Cygram Heritage LLLP, it essentially deprives the rest of the unsecured creditors from any meaningful distribution of assets. Rather than being a compromise which brings new assets into the bankruptcy estate, this one simply snatches assets from the trustee's grasp.

32. The proposed settlement impacts the rights of other creditors, and the Court must consider those legal rights of the fairness of the impact to the affected parties. *In re Greektown*, 728 F.3d 567 (6th Cir. 2013).

33. Oddly, the Motion to approve the Settlement references only the 523 portion of the adversary complaint; yet Count IV alleges fraud under section 727(a)(2) based upon the Debtors' alleged destruction and/or concealment of books and records.

34. While courts have held that a settlement of a 523 action is a private matter between a creditor and a debtor, compromises of §727 claims are viewed with heightened scrutiny.  Section "727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on ... a single creditor." *In re Chalasani*, 92 F.3d 1300, 1311 (2d Cir. 1996).  Accordingly, some courts have held that §727 claims may never be compromised. *In re Vickers*, 176 B.R. 287, 290 (Bankr. N.D. Ga. 1994) ("It is against public policy to sell discharges

... Selling discharges would be a disease that would attack the heart of the bankruptcy process, its integrity."); At the very least, courts view compromises of §727 claims with heightened scrutiny. *In re Traxler*, 277 B.R. at 705 ("the policy should be to view §727 settlements with heightened skepticism and to subject them to close scrutiny by the bankruptcy court").

35.     Finally, the Motion on its own face does not even make any pretense that the Settlement is fair, equitable, or that it is in the best interest of the estate or the creditors.

WHEREFORE, PARC INVESTMENT SERVICES CORP. respectfully requests that the Court enter an order denying the Amended Motion to Approve Compromise or Controversy or Settlement Agreement and grant any other and further relief as this Court deems just.

Dated this 22nd day of May, 2019.
By: /s/ Samantha L. Dammer, Esq.
_____

**SAMANTHA L. DAMMER, ESQUIRE**
Florida Bar No.: 0036953
Tampa Law Advocates, P.A.
620 E. Twiggs Street, Suite 110
Tampa, FL 33602
Ph: (813) 288-0303
Fx: (813) 466-7495
sdammer@attysam.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 22nd day of May, 2019, a true and correct copy of the foregoing was sent by CM/ECF Electronic mail to all parties of interest on the Court's CM/ECF System:

__/s/ Samantha L. Dammer_____
**SAMANTHA L. DAMMER, ESQUIRE**
Florida Bar No.: 0036953
Tampa Law Advocates, P.A.
620 East Twiggs Street, Suite 110
Tampa, FL 33602
Ph: (813) 288-0303
sdammer@attysam.com