**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:
Zdravko Talanga and              Case Number: 8:17-bk-09357-MGW
Darina Talanga                   Chapter 7

    Debtors,
_____/

TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED MOTION
TO APPROVE COMPROMISE OF CONTROVERSY

Carolyn R. Cheney, Chapter 7 Trustee, by and through her undersigned counsel, files this Objection to Debtor's Amended Motion to Approve Compromise of Controversy (Doc. No. 155), saying:

1. Zdravko and Darina Talanga (Debtors) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 2, 2017.

2. Carolyn R. Chaney was appointed trustee.

3. Among the assets listed by the Debtors on Schedule B19 were an interest in Anna Dunedin Realty, LLC and an interest in Elite Financial Edge, LLC . On Schedule B34 the Debtors asserted that they owned claims against a former attorney, Adam Levine.

4. Elite Financial Edge, LLC, Elite Car Sales, LLC, Elite Car Sales of Clearwater, Inc., Anna Dunedin Realty, LLC, Sophia Highland Realty, LLC, Pat Margas, Helen Vasiloudes, Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, LP (hereinafter "Cygram Entities") filed an Adversary Proceeding Number 8:18-ap-00049-MGW.

5. The Case was sent to mediation. The Mediation was successful and resulted in the filing of the Amended Motion to Compromise. The Trustee was not a party to the Adversary nor did she attend the Mediation.

6. The Trustee objects to the proposed compromise on the following grounds:

(a) Pursuant to §541 of the Bankruptcy Code, on the date of filing all of the Debtors' assets become property of the Bankruptcy Estate. The settlement provisions whereby the Debtors' transfer their interest in Elite Financial Edge LLC and Anna Dunedin Realty, LLC is void as the Debtors' have no interest in these Estate properties. The Debtors cannot use Estate Assets to settle claims.

(b) There is a clause granting Mutual Releases of all the parties to the Adversary. Likewise any prepetition claim which the Debtors may have against former counsel is property of the Bankruptcy Estate. The Debtors cannot use this Estate asset to settle claims or to grant mutual releases of Bankruptcy Estate claims.

(c) The Compromise also provided that the Debtors would not object to claims of the Cygram Entities in the amount of $3 million. In a case that will not provide a 100% distribution to all creditors, the Debtors have no standing to object to claims. This is solely the province of the Trustee and creditors holding allowed unsecured claims. The Debtors have scheduled assets of $990,686 and liabilities of $5,123,213.17. To date the Trustee has collected approximately $10,000. This case will obviously not pay 100% to the allowed unsecured claims. The Debtors have no standing to allow or disallow claims in this case

7. The Trustee asserts that the Debtors cannot use estate assets to settle cases, cannot grant mutual releases of claims which belong to the Estate and cannot provide for the allowance or amounts of claims. The consideration from the Debtors to the Cygram Entities is phantom consideration the Debtors do not own and cannot use the settle this adversary.

WHEREFORE, Carolyn R. Chaney, Chapter 7 Trustee, request that this Court sustain this objection and enter an order denying the motion to compromise, and for such other and further relief as is just.

Respectfully submitted,

**WATKINS LAW FIRM, P.A.**
/s/ Allan C. Watkins
**ALLAN C. WATKINS, ESQUIRE**
Florida Bar Number: 185104
P.O. Box 320702
Tampa, Florida 33679
Tel: (813) 226-2215
Email: allan@watkinslawfl.com
Attorney for Carolyn R. Chaney, Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the has been furnished by either CM/ECF electronic notice or by United States Mail to United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; Carolyn R. Chaney, Esq., PO Box 530248, St. Petersburg, FL 33747; Herbert R. Donica, Esq., Donica Law Firm, P.A., 307 South Boulevard, Suite D, Tampa, FL 33606; Florida Advocacy Group of Tampa Bay, Adam Levine, Esq., 1180 Gulf Boulevard, Ste 303, Clearwater, FL 33767, David Delrahim, Esq. 721 1st Ave. South, St. Petersburg, FL 33701 and to all interested parties via electronic service on the CM/ECF matrix on June 4, 2019.

Watkins Law Firm, P.A.

/s/ Allan C. Watkins
_____