ORDERED.

Dated: **September 18, 2019**

_Michael G. Williamson_
Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                  Case No. 8:17-bk-09357-MGW
                                                                                Chapter 7
Zdravko Talanga and
Darina Talanga,

    Debtors.
_____/

**ORDER GRANTING DEBTORS'
MOTION TO APPROVE COMPROMISE**

THIS CASE came on for hearing on September 4, 2019, at 11:00 a.m., on the Debtors' motion to approve a compromise with various creditors.[1] The creditors who are party to the compromise—Elite Financial Edge, LLC; Elite Car Sales, LLC; Elite Car Sales of Clearwater, Inc.; Anna Dunedin Realty, LLC; Sophia Highland Realty, LLC; Pat Margas; Helen Vasiloudes; Panayiotis Vasiloudes; Cygram Heritage, LLP; and Cygram Holdings, LP (collectively, the "Creditors")—sued to object to the

---

[1] Doc. No. 155.

dischargeability of a debt the Debtors allegedly owed them.[2] To resolve the dischargeability proceeding, the Debtors and creditors entered into a settlement.[3]

Under the settlement, the Debtors agreed to transfer their ownership interest in Elite Financial Edge, LLC and Anna Dunedin Realty, LLC to Cygram Heritage, LLP.[4] The Debtors also agreed that the Creditors would have a $3 million claim in this case, although the $3 million claim would be dischargeable.[5] The settlement also included a broad mutual release that released all claims the parties had against each other and their representatives, including attorney Adam Levine.[6]

Both the Chapter 7 Trustee and creditor Parc Investment Services objected to the settlement because (among other reasons) the mutual release appears to release Levine from a prepetition professional negligence claim that belongs to the estate.[7] The Trustee and Parc Investment Services believe the potential negligence claim, which was listed on Schedule B, has value. Because the potential professional negligence claim is property of the estate, the Debtors cannot release it (or any other prepetition claim) as part of any settlement. Accordingly, it is

---

[2] *Elite Financial Edge, LLC, et al. v. Zdravko Talanga, et al.*, Adv. No. 8:18-ap-00049-MGW, Adv. Doc. No. 43.

[3] Doc. No. 155.

[4] *Id.* at Ex. A, ¶ 2(b), (c).

[5] *Id.* at Ex. A, ¶ 2(d).

[6] *Id.* at Ex. A, ¶ 6.

[7] Doc. Nos. 160 & 161.

**ORDERED**:

1. The Debtors' motion to compromise is GRANTED.

2. The parties' settlement is approved. The settlement does not release any of the Debtors' potential prepetition claims against any third party, including any potential professional negligence claim against Adam Levine. All the Debtors' prepetition claims remain property of the estate.

3. The parties to the approved settlement are directed to comply with the settlement's terms.

4. The Court retains jurisdiction to enforce the terms of the settlement.

Attorney David Delrahim is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of this order.