UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                               Case: 8:17-bk-09357-MGW
                                                                     Chapter 7
ZDRAVKO TALANGA and
DARINA TALANGA

**MOTION FOR PROTECTIVE ORDER BY**
**THE FLORIDA LEGAL ADVOCACY GROUP OF TAMPA BAY, P.A.**

Through undersigned, non-Party The Florida Legal Advocacy Group of Tampa Bay, P.A., respectfully requests that this Court enter a protective order to quash the subpoena issued by the Trustee's Attorney, Allan Watkins that was served on September 25, 2019 and states:

1. On November 11, 2019, Mr. Watkins filed a Notice of Intent to issue a Rule 2004 Subpoena to the Florida Legal Advocacy Group of Tampa Bay, P.A. Doc173.

2. On September 25, 2019 Mr. Watkins served the Florida Legal Advocacy Group of Tampa Bay, P.A., with a subpoena for: "A copy of each policy of liability and/or professional malpractice insurance covering the Florida Legal Advocacy Group of Tampa Bay, P.A., within the last three (3) years and copies of any reservation of rights letters or any other document which might limit the coverage of any insurance carrier who provided insurance to the Florida Legal Advocacy Group of Tampa Bay, P.A. Exhibit A.

3. On September 30, 2019 undersigned contacted Mr. Watkins by E-mail to request an extension of time to respond until between November 5, 2019 and November 11, 2019. Mr. Watkins replied, "Not a problem…"Exhibit B.

4. But on November 1, 2019, Mr. Watkins sent a second E-mail demanding production on or before November 5, 2019. Exhibit C.

1

5. Notably, of all the many potential creditors in this Chapter 7 Petition, the only claim denied by the Trustee and Mr. Watkins were legal fees owed by Debtors to The Florida Legal Advocacy Group of Tampa Bay, P.A. See Docs. 83 and 100; and see generally the Docket for this petition.

6. And the Trustee's objection to undersigned's representation of other Adverse Parties in adversary proceeding was overruled. See 8:18-ap-49-MGW Docs. 15, 29.

7. Importantly, any and all potential claims against the Florida Legal Advocacy Group, P.A., were waived as part of the Mediated Settlement between the Parties that is the subject of a Motion to Reconsider, Doc. 185, being heard by this Court on November 6, 2019. See Docs. 194 and 195.

8. Further, such potential claims presumably and allegedly arose before the Florida Legal Advocacy Group, P.A.'s legal representation of the Debtors that ended on or before undersigned filed suit against Debtors in *Elite Financial Edge, LLC., v. Talanga,* Pinellas County, Florida uniform case number: 22017CA000681XXCICI, filed on February 1, 2017. And the present petition was filed on November 2, 2017.

9. The Trustee previously noticed the intention to sell potential claims against both the Florida Legal Advocacy Group, P.A., and Cygram Heritage, LLLP on February 6, 2019, Doc. 138, the Court never approved such sale and the Trustee withdrew the report and Notice of Intent to sell on October 7, 2019. Doc. 187.

10. And at the same time, on October 7, 2019, the Trustee filed a Notice and Intent to again sell potential claims against both the Florida Legal Advocacy Group, P.A., and Cygram Heritage, LLLP. Doc. 188. This Notice was objected to by another Creditor, Doc. 196, and the matter also set for hearing on November 6, 2019.

11. The Florida Legal Advocacy Group, P.A., hesitated in filing this Motion for Protective Order because its need would be moot depending on the outcome of the Motion to Reconsider which was originally scheduled for hearing on October 22, 2019. Doc. 186. But now files it because, as noted above, the Trustee persists in its demand for documentation that may not be necessary.

Wherefore, because the 2004 examination will provide information that may not be necessary, if at all, until after the hearing on November 6, 2019, because the same hearing will determine whether the Trustee or any other third party might require such information, undersigned and the Florida Legal Advocacy Group of Tampa Bay, P.A., respectfully request that this Court quash the Rule 2004 subpoena issued by the Trustee until such time as the information sought may actually be necessary.

### Certificate of Service

I certify that a true and correct copy of the foregoing was filed with the Clerk of Court and served on all parties of record through the CM/ECF filing system.

**Respectfully submitted this 3rd day of November 2019**

> **The Florida Legal Advocacy Group of Tampa Bay**
>   /s/  *Adam S. Levine*
> Adam S. Levine, M.D., J.D.
> Florida Bar #78288
> 1180 Gulf Boulevard, Suite 303, Clearwater, Florida 33767
> (727) 512 – 1969 [Telephone]
> (866) 242 – 4946 [Facsimile]
> aslevine@msn.com [Primary E-mail]
> alevine@law.stetson.edu [Secondary E-mail]
> Attorney for Florida Legal Advocacy Group of Tampa Bay