# United States Bankruptcy Court
## Middle District of Florida

In re    Zdravko and Darina Talanga                                    Case No.    8:17-bk-09357
                                        Debtor(s)                       Chapter     7

## Motion for Order Confirming Absence or Termination of Automatic Stay and for a COMFORT ORDER

Non-Party, Invicta Park Place Estate, LLC., by and through its' undersigned attorney, herein files its' Motion for Order Confirming Absence or Termination of Automatic and for a COMFORT ORDER, and as grounds therefore would state as follows:

1. Non-Party, Invicta Park Place Estate, LLC, is a Non-Party and has never been listed as a Creditor in the above referenced Case.

2. That Non-Party, Invicta Park Place Estate, LLC, entered into a commercial lease with the Debtors', Zdravko and Darina Talanga on September 16, 2018, more than 10 months after the Debtor's filed for bankruptcy protection.

3.. Non-Party, Invicta Park Place Estate, LLC, secured an Order on Plantiff's Motion for Default for Possession and for Tenant Removal from the Honorable Circuit Judge, Thomas Ramsberger, on November 18,2019. (Attached hereto as Exhibit A). In the body of the Order Judge Ramsbereger opined in paragraphs numbered 1 and 11 that he was uncertain about the application of section 362 of the bankruptcy code or any other section of the code applied to this commercial lease and whether the automatic stay applied in the set of circumstance set out in the Judge's Order and herein.

4.. The Judge indicated that he is inclined to issue a Writ of Possession but is seeking a COMFORT ORDER from this Court prior to issuing the Writ of Possession..

WHEREFORE, Non-Party, Invicta Park Place Estate, LLC, pursuant to Judge Ramsberger' attached Order and pursuant to his request for a COMFORT ORDER, prays for an Comfort Order that the commercial lease entered approximately one year after this bankruptcy filing, is not subject to Section 362 , nor any other Section of the bankruptcy code, and for such additional or alternative relief as may be just and proper.

Date    12/3/2019                          Signature    /s/Ian Horn
                                                        IAN HORN, ESQUIRE
                                                        Attorney for Non-Party, Invicta

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

**INVICTA PARK PLACE ESTATE, LLC,**
a Florida Limited Liability Company,

      Plaintiff,

v.

**CASE NO.: 19-001921-CI-19**

**ZDAVKO TALANGA, DARINA TALANGA,
THE TALANGA IRREVOCABLE FAMILY TRUST, and
UNKNOWN TENANTS,**

      Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION FOR DEFAULT FOR POSSESSION AND FOR TENANT REMOVAL

This matter came before the Court on November 13, 2019, for hearing on Plaintiff's Motion for Default for Possession and for Tenant Removal. Upon review of the Motion and the Court file, and having heard argument of counsel of the Plaintiff and argument of Defendants and being otherwise fully advised in the premises, the Court hereby

**FINDS and ORDERS** as follows:

1. That the Court is uncertain as to whether Section 362 of the Bankruptcy Code, providing for an automatic stay, applies to this commercial lease eviction case. The Court is inclined to enter a Writ of Possession on the properties but is seeking a comfort order from the bankruptcy court.

2. That Bankruptcy Case 8:17-bk-09357-MGW was filed on November 2, 2017.

3. That the Lease and Option to Purchase in this matter was signed on September 15, 2018 and the Defendants/debtors did not reveal to the Plaintiff during negotiations or at the time the lease was executed that they were in bankruptcy.

4. That an eviction case was filed on March 8, 2019 against the Defendants/debtors and the Defendants/debtors did not initially reveal to the Plaintiff nor this Court that they were in bankruptcy.

5. That during the hearing on August 1, 2019 to determine the amount of past due rent the Defendants/debtors did not reveal to the Court that they had filed bankruptcy in 2017.

6. That on September 11, 2019, based upon the stipulation of the parties in open court, the Court entered an Order on Defendants' Motion to Determine Amount of Rent to


Exhibit A

19-1921-CI-19
Invicta Park Place Estate vs.
Zdavko, Darina Talanga, & The Irrevocable Trust

Deposit into Registry of Court and providing the Defendant/debtors thirty (30) days to cure the default for rent payments.

7. That the Defendants/debtors failed to cure the rent payments by October 11, 2019.

8. That the Plaintiff filed a Motion for Default for Possession and for Tenant Removal on October 31, 2019.

9. That the Defendants/debtors are represented by counsel in the bankruptcy case. Nevertheless, the Defendants/debtors, on their own, filed a Suggestion of Bankruptcy on October 4, 2019, in the commercial lease eviction case, four (4) days prior to the end of the cure period.

10. That this Court questioned the Defendants/debtors as to the timing of the filing of the Suggestion of Bankruptcy, specifically asking why the Defendants/debtors had not previously filed the Suggestion of Bankruptcy in the commercial lease eviction case. The Defendants/debtors were not able to respond to the Judge's question on why they waited so long to file the Suggestion of Bankruptcy in the commercial lease eviction case.

11. That the Court is seeking a comfort order that this commercial lease, which was entered into approximately a year after the bankruptcy filing, is not subject to Section 362 of the bankruptcy code nor any other provision of the bankruptcy code.

12. The Plaintiff's attorney is hereby directed to file an appropriate motion with the bankruptcy court seeking a comfort order relative to a stay involving the subject property of this action. Upon issuance of the comfort order by the bankruptcy indicating the subject property is subject to the bankruptcy stay or otherwise that this Court cannot proceed, the parties shall schedule a case management hearing within thirty (30) days of the comfort order. Should the comfort order clearly state that the bankruptcy stay is not applicable to the subject property of this case, or otherwise that bankruptcy action does not prohibit this Court from issuing a writ of possession, this Court will enter a writ of possession *post haste.*

**DONE AND ORDERED** in Chambers at St. Petersburg, Pinellas County, Florida, this _____ day of November, 2019.

ORIGINAL SIGNED
NOV 18 2019
THOMAS RAMSBERGER
CIRCUIT JUDGE

THOMAS RAMBERGER
Circuit Court Judge

Copies furnished via US MAIL:
Ian Horn, Counsel for Plaintiff, P.O. Box 691, Brandon, FL 33509-0691
Zdavko Talanga, Defendant, 541 Park Street, Dunedin, FL 34698
Darina Talanga, Defendant, 541 Park Street, Dunedin, FL 34698
Talanga Irrevocable Family Trust, Defendant, 541 Park Street, Dunedin, FL 34698
Unknown Tenant, 541 Park Street, Dunedin, FL 34698

2