**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

Zdravko Talanga and　　　　　　　　　　Case Number: 8:17-bk-09357-MGW
Darina Talanga　　　　　　　　　　　　Chapter 7

　　　　Debtors,
_____/

**APPLICATION FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR WATKINS LAW FIRM, P.A. AS COUNSEL FOR TRUSTEE**

　　WATKINS LAW FIRM, P.A., ("Applicant") files this Application for Allowance of Compensation and Reimbursement of Expenses for Watkins Law Firm, P.A. as Counsel for the Trustee, saying:

　　1.　Zdavko Talanga and Darina Talanga ("Debtors") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on November 2, 2017.

Dates of Employment November 7, 2017 through March 2, 2020

| Applicants | Hours | Rate | Total |
|---|---|---|---|
| Allan C. Watkins | 77.6 | $450/ hr | $ 34,065.00 |

TOTAL FEES:　　　　　　　　　　　　　　　　　　$　34,065.00
TOTAL EXPENSES:　　　　　　　　　　　　　　　$　　　220.42
TOTAL FEES AND EXPENSES　　　　　　　　　　**$　34,285.42**

**APPLICANT HAS AGREED WITH THE TRUSTEE TO REDUCE**
**IT'S FEE REQUEST TO $15,000.**

　　2.　　Carolyn R. Chaney was appointed Trustee.

3. November 8, 2017 Watkins Law Firm, P.A. filed an application to be employed as counsel for the Trustee and the Court entered an order approving the application to be employed as counsel for the trustee on November 9, 2017.

4. Applicant is seeking fees in the amount of $34,065.00 and expenses of $220.42 for the period beginning November 7, 2017 and ending March 2, 2020.

5. The valuation of Applicant's services in this matter should be based upon the following considerations enunciated in the matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977):

    a. Time and Labor Required: The Applicant has spent in excess of 77.6 hours rendering professional services to or on behalf of the Trustee in this case. Applicant has maintained detailed, daily records of time and expenses devoted in rendering these services. A copy of these records is attached. During all times relevant to this case the billing rate per hour for Applicant's attorneys and staff is, Allan C. Watkins $450.00 per hour.

    b. Novelty and Difficulty of Questions: this is a fairly complicated case in that the Debtors' had a number of corporations, various interest in real estate, and several automobile dealership and finance businesses. Further, the Debtors were involved in a dispute with business associates.

    c. Skill Requisite to Perform the Legal Services Properly: Applicant's practice is limited to the area of bankruptcy and related matters, and it submits that it has performed the services for the Trustee to the best of its ability. The President of the Applicant and lead attorney, Allan C. Watkins, is AV rated by Martindale Hubbell and is board certified in both consumer and business bankruptcy by the American Board of Certification. Mr. Watkins has practiced extensively in the bankruptcy area for forty-five (45) years and is admitted to

practice in both Florida and Colorado.

      d.      Preclusion of Other Employment by Attorneys Involved: During all times relevant to this case, there was minimal preclusion of other employment.

      e.      Customary Fee: The fee requested by Applicant is the fee normally charged by Applicant. Further, Applicant submits that its normal billing rates are in keeping with the billing rates for similarly situated attorneys in the Middle District of Florida.

      f.      Whether Fee is Fixed or Contingent: The fee in representing the Trustees in Chapter 7 cases is subject to the approval of the Bankruptcy Court after review, input and potential objections from the creditors, other parties in interest, and the United States Trustee. In each case the Trustee and counsel for the Trustee must spend time and effort investigating the availability of assets. If there are no assets, or if the assets are limited, the fees awarded may not cover the time and effort expended. If there is a good recovery, the fees are capped by limited hourly rates.

      g.      Limitations Imposed by Client or other Circumstances: No unusual limitations were imposed by the Client.

      h.      Amount Involved and Results Obtained: Applicant has represented the Trustee in this matter since April 4, 2017. A summary of the significant matters handled by the Applicant during the representation as set forth herein.

      1.      Trustee contacted Applicant about representation in this case. Applicant prepared the application to employ, the Affidavit of Disinterestedness and the proposed order employing applicant. In preparing the Affidavit, applicant realized that seven or eight months prior to the filing it had interviewed the Debtors. This was disclosed and at the request of the United States Trustee, and amended application to employ and affidavit were filed.

2. At the outset of the case Applicant reviewed the Schedules and Statement of Financial Affairs and various materials provided by Debtors' counsel.

3. Applicant obtained Lexus-Nexus reports on both Debtors and reviewed the reports. In addition, applicant prepared for and attended the Section 341 meetings. ¶

4. This was a highly contested case with several groups of creditors actively involved. There were two adversary proceedings file to contest the Debtors' discharge or dischargeability of debt. Applicant reviewed all the pleadings in the case and discussed the cases with counsel for the creditors..

5. Applicant contacted an appraiser to appraise the personal property of the Debtors. When the report was filed, Applicant reviewed the report.

6. Due to the complexity of the case, Applicant met with several people who had contacts with prior business associates of the Debtors. In particular this was to determine if there were any motor vehicles available for liquidation.

7. The Debtors were reluctant to surrender both exempt and nonexempt property. Applicant filed several motions to require turnover. Ultimately, the Debtors did turnover of the property or enter into "buy-backs."

8. The Debtors had interests in nonexempt real property and several businesses which owned real property. Applicant analyzed these to determine any liens and encumbrances and to determine if there was any value to the Estate. Ultimately, the interest were sold back to the Debtors.

9. The Debtors and some of the contentious creditors that were related mediated their dispute and reached a settlement. The settlement included property of the Estate. Applicant objected to the settlement. Ultimately, the Debtors and contesting creditors and

their counsel reached a settlement based upon the Trustee selling certain interests of the Debtor back to the Debtors. Applicant filed a motion to approve this. The Motion was approved.

10.` The Debtors had an unusual relationship with pre-bankruptcy counsel. There were a number of conflicts both real and potential. Applicant discussed the potential claims with several attorneys who handle malpractice litigation. In order to move this forward Applicant subpoenaed insurance information from the target counsel. Due to the settlement referred to in the prior paragraph, the attorney malpractice issue was resolved. Applicant drafted conveyance documents from the Estate to the Debtors.

11. Applicant prepared this fee application.

i. Undesirability of the Case: This case is no more or less desirable than any other Chapter 7 Trustee case.

j. Nature and Length of Professional Relationship with Client: Applicant has represented Carolyn R. Chaney for over twenty (20) years in a number of other Trustee cases.

k. Awards in Similar Cases: The amount sought by Applicant is well within the range of awards in similar cases.

**WHEREFORE**, Applicant respectfully requests that this Honorable Court grant this Application and award attorney fees in the amount of $34,065.00 and expenses in the amount of $220.42 for a total of $34,285.42.

This space intentionally left blank.

**The undersigned, an Officer of Applicant, declares under a penalty of perjury the statements made herein are true and correct based upon the personal knowledge of the facts.**

Respectfully Submitted,

**WATKINS LAW FIRM, P.A.**

/s/ Allan C. Watkins

_____

**ALLAN C. WATKINS, ESQUIRE**
Florida Bar Number 185104
707 North Franklin Street, Suite 750
Tampa, Florida 33602
Tel: (813) 226-2215
E-mail: allan@watkinslawfl.com
Attorney for Carolyn R. Chaney, Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by either CM/ECF electronic notice or U.S. First-class mail postage prepaid to: United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; Carolyn R. Chaney, Trustee, P.O. Box 530248, St. Petersburg, FL 33747; and Notice to be provided by the Notice of Final Report to all Creditors on the Matrix.

/s/ Allan C. Watkins

_____
**ALLAN C. WATKINS, ESQUIRE**